WILLIAM J. BEST *v.* WILLIAM P. CLYDE, and others.

*Pleading—Impertinent Matter—Appeal.*

A motion to strike alleged improper matter from a complaint will not be considered after answer or demurrer, or even after an order for time to plead. Nor will an appeal lie from a refusal to grant such motion.

(*Powell* v. *Jopling*, 2 Jones, 400; *Stephenson* v. *Stephenson*, 4 Jones, 472; *Henderson* v. *Graham*, 84 N. C., 496, cited and approved.

MOTION heard at Chambers in Raleigh on the 11th of February, 1882, before *Graves, J.*

The plaintiff filed his complaint within the first three days of fall term, 1881, of the superior court of Rowan and the record shows an order to have been then entered "that the defendants have sixty days to answer the complaint; or, as stated in the accompanying case, "in which to answer or demur." Before the expiration of the time limited, it was prolonged by agreement of plaintiff's counsel to the first day of March.

Meanwhile, notice was served on one of the plaintiff's counsel of an intended application for a still further extension until the ensuing term of the court; in pursuance of which at chambers on February 4th, the day appointed, a motion was made before the judge for the proposed ex-

BEST *v.* CLYDE.

tension and also to have stricken from the complaint certain objectionable parts, enclosed in brackets, for immateriality and impertinency. In support of the motion, the defendants produced and read in evidence the affidavit of one of their number, taken on the 9th day of January preceding, the substance of which is that the complaint being voluminous and the defendants' counsel closely occupied with other professional business during the term, they were unable to bestow upon it the attention and scrutiny necessary in preparing the defence, and were allowed sixty days' time to prepare and put in their answer; that upon a subsequent careful and full examination given by counsel, affiant was advised by them that the complaint contains much irrelevant and immaterial matter; that the defendants ought not to be required to answer or litigate; and that further time still was needed and should be asked for putting in the answer, in order that the defendants might apply to strike such obnoxious matter from the complaint and have it reformed. The plaintiff's counsel insisted that the motion to strike out should not be entertained, inasmuch as no notice had been given, and " he was not then prepared to proceed to the hearing." Notice was then drawn up and accepted and an order entered in the following terms:

" The motion of the defendants for further time to answer was argued by counsel and heard by the court, and by consent it is ordered that the time of sixty days, given for the defendants to answer, shall be extended to such time as hereafter indicated by the court. It is further agreed by the counsel for both parties, that this court shall hear a motion of the defendants to strike out portions of the complaint, as irrelevant and redundant, and immaterial and impertinent, at Raleigh on Saturday, February 11th, 1882.

(Signed)                J. F. GRAVES, Judge, &c.

Accordingly upon the hearing on that day, upon the facts stated and after argument, His Honor adjudged that " the motion to strike out be overlooked," and gave time for answering until the 25th day of April. From the refusal to grant the defendants' motion, they appeal.

*Messrs. Merrimon & Fuller, John Gatling* and *J. S. Henderson*, for plaintiff.

*Messrs. D. Schenck* and *Reade, Busbee & .Busbee*, for defendants.

SMITH, C. J., after stating the above. The fit and appropriate time for making the application for the removal of obnoxious and improper matter from a complaint, is and must be before answer or demurrer and before the granting of further time for either.

In New York, from which state our code system of procedure is derived, the practice is controlled by a rule, and in its construction and enforcement it is held, that motions to correct or to render pleadings more definite and certain are waived by the service of an answer to an impeached pleading, *or by an extension of time to plead; or by any act legally admitting that a sufficient issue is raised.* New York Practice; (Tiffany & Smith 430) *Bowman* v. *Sheldon*, 5 Sandf. (N. Y.) 657; *Wall* v. *Buf. Wat. Works Co.*, 18 New York, 119.

Such also is the rule that prevails in equity. " For mere impertinence," says a standard author, " a reference cannot be obtained after the defendant has answered, or *submitted to answer by obtaining an order for time.*" 1 Dan. Ch. Pr., 405.

After an answer, or even *after an order for time to answer,* the defendant cannot move to refer the bill for *impertinence,* though he may obtain a reference for *scandal.* 2 Mad. Ch. Pr. 276. See also Coop. Eq. Pl. 19; Story Eq. Pl., § 270. While we have no peremptory written rule, and the rule put in form

is but the enunciation of a mode of judicial procedure under the new practice, found to be both convenient and useful, and a party is not debarred from making the motion, because of his omission to make it in apt time, the application afterwards is addressed to the sound discretion of the judge exercised in view of all the attending facts and circumstances.

While he possesses the undoubted power to grant the motion, so he may in his discretion refuse it, and the refusal is not an error in law admitting of correction by appeal; nor does it "affect a substantial right" within the meaning of section 299 of the Code.

When the refusal to exercise a discretionary power vested in the judge proceeds from a supposed defect of power, and this plainly appears in the record, the error will be corrected to the end that the discretion may be exercised. *Powell* v. *Jopling*, 2 Jones, 400; *Stephenson* v. *Stephenson*, 4 Jones, 472; *Henderson* v. *Graham*, 84 N. C., 496.

But the grounds for the refusal must not be left to uncertain inference or conjecture, but the fact must be shown; or it will be assumed to be an act of discretion, the sufficiency of the reasons for which must be conclusively determined by the judge himself.

It is unnecessary, therefore, to enter upon an examination of the merits of the controversy as to the form of the complaint, as they might have been presented, had the application not been deferred, and we purposely refrain from doing so. Nor do we concur in that interpretation of the record which treats the assent of counsel to the hearing of the motion at the adjourned time, as a waiver of any ground of resistance to it, nor was it so understood and acted upon by counsel or by the judge.

The very objection was urged and pressed, when it came up to be considered and decided as it has been in argument here upon the appeal from the ruling below.

The want of notice was removed, but not the grounds of resistance to the motion, as well based upon the inopportune time of making it, arising out of the precedent action and delay, as upon the merits of the proposition itself. The opposition to it was not impaired by a consent that the motion should be heard, at the time, to which the hearing of the other for a further extension of time and to fix it, was adjourned.

We are therefore of opinion that the refusal complained of is not the subject matter of appeal, and the appeal must be dismissed, and it is so adjudged.

Let this be certified to the superior court of Rowan.

PER CURIAM.                                    Appeal dismissed.