MONROE BROS. & CO. v. K. LEWALD.

*Creditor's Bill—Proceedings Supplemental to Execution—*
*Receiver.*

1. Where an action in the nature of a judgment creditor's bill is pending, it is error to dismiss proceedings supplementary to execution instituted in behalf of another creditor against the same debtor.

2. Where several of such proceedings are pending, and the same property is sought to be subjected, or where, in either of such proceedings, a receiver is appointed of property which is the subject of the other proceedings, the Court should, in proper cases, order that the same be consolidated, preserving the priorities acquired by the superior diligence of the various litigants.

CIVIL ACTION, tried on appeal from the Clerk of the Superior Court of CUMBERLAND County, before *Bynum, J.*, at Chambers.

"This cause coming on to be heard before the Clerk, and being heard upon the motion of the defendant to dismiss the supplemental proceedings and order in the above entitled cause, and, after argument of counsel on both sides, it being made to appear to the satisfaction of the Court that there is now pending in this Court a creditor's bill in the name of Roberts & Hoge, in behalf of themselves and all other creditors of said K. Lewald, and that the same was pending prior to the institution of these proceedings, the Court doth consider that, upon this fact, the said supplemental proceedings be dismissed, and that the order made in said cause be vacated, and the cost of these proceedings be taxed against the plaintiffs.

"From which judgment the plaintiffs appeal to the Judge, and all the papers in the case are herewith handed up, this January 16th, 1890.   Notice given to defendant's counsel."

The Court rendered the following judgment:

"The above cause coming on to be heard on appeal from the order of the Clerk of the Superior Court of Cumberland County, and being heard by me at Chambers in Carthage, Moore County, after due notice to the attorneys for the plaintiffs and defendant, and the counsel of both parties being present, after hearing the argument of both parties, and reading the record produced before me, it is ordered and adjudged that the order of the Clerk dismissing the supplemental proceedings made on the 16th of January, 1890, be, and the same is, overruled, and the order as made by him on January 14th, 1890, requiring said defendant to appear before a referee, be, and the same is, declared to be in full force, except as to the time when the said defendant shall appear and answer, and the Clerk will modify said order as to the time when the said defendant shall appear and answer, and, with said modification, the said order is declared in full force."

From this judgment the defendant appealed to the Supreme Court.

*Mr. A. W. Haywood*, for plaintiffs.
*Mr. N. W. Ray* (by brief), for defendant.

SHEPHERD, J.—after stating the facts: The plaintiffs obtained a judgment against the defendant and instituted proceedings supplementary to execution. The Clerk dismissed the proceedings because, prior to their commencement, "Roberts & Hayes, in behalf of themselves and all other creditors" of the defendant, had commenced a "creditor's bill" against him in the said county, and that said action was still pending. At this term of the Court, in *Hancock* v. *Wooten*, we have endeavored to distinguish a "general" from a "judgment creditor" bill. The mere addition to the title "in behalf of all other creditors," &c., does not necessarily determine the true character of the action. In a general creditor's bill all

of the creditors should be permitted to come in and be made parties. In a judgment creditor's bill this is not required, and it may be instituted by one or any number of creditors who may choose to unite. They may invite others to come in and join them in the prosecution of the suit, but, unless they do so, the Court cannot, by compelling, in proper cases, the joinder of new parties, or by consolidating the action with other proceedings, deprive the original suitors, or those who have, with their consent, united with them, of any priorities they may have acquired by their superior vigilance. The commencement of such an action creates a preference by way of equitable lien as to such real estate as is sought to be subjected, and a lien also attaches upon choses in action and other personal property from the time they come into the custody of the Court through a receiver or otherwise.

The preferences thus created operate, we repeat, only upon such property as is thus sought to be subjected, and hence, it may follow that several of such bills or proceedings supplementary to execution may be prosecuted at the same time without interfering with each other. When, however, they do conflict, as where the same property is sought to be subjected, or where a receiver is appointed in one proceeding of property which is the subject of another, the Court should order the proceedings to be consolidated, and they may thus be continued, preserving the respective priorities or preferences of the various litigants. Now, if we apply these principles to the present case, it is clear that his Honor very properly reversed the ruling of the Clerk dismissing the proceedings.

The case does not contain any particulars as to the creditor's bill of Roberts & Hayes, nor have we any idea what property is sought to be subjected therein. In the absence of anything appearing to the contrary (the debtor being alive and sued as an individual), we must assume that it is

107—42

a judgment creditor's bill, and this being so, it by no means follows that the latter, which may be directed against only a part of the debtor's property, is to exclude all other proceedings. Even if they conflicted, neither should be dismissed, but they should be consolidated as we have suggested. This would be otherwise in the case of a general creditor's bill, in which proceeding all persons interested must be made parties, and independent actions will either be dismissed or enjoined.

There is nothing in the objection that the appeal was heard by his Honor in the proper District, but in a county other than that in which the proceeding was pending. If all appeals from the Clerk were required to be so heard, infinite delay and trouble would ensue. Such is not contemplated by the Code of Civil Procedure, ch. 5, where appeals in such cases are provided for.

Affirmed.