F. H. SMITH et al. v. M. SUMMERFIELD et al.

*Creditor's Bill—Joined Causes of Action—Parties—Fraudulent Conveyance—Pleading—Redundancy and Uncertainty—Equitable Lien.*

1. Several creditors may unite in an action against their common debtor to obtain judgment for their respective claims and set aside an alleged fraudulent conveyance of the debtor's property, and the parties so uniting may acquire a preference, by way of equitable lien, over other general creditors.

2. It is only when the Court undertakes to wind up the affairs of a partnership and make a distribution of its assets that all the creditors are required to be made parties.

3. Redundancy, impertinence, argumentativeness and uncertainty in pleading cannot be taken advantage of by the demurrer; the objection should be made by motion before answer or demurrer.

4. In an action by creditors to subject property to the satisfaction of their debts, it is not necessary they should seek to subject all the property of the debtors, or make parties those who claim any portion not sought to be reached.

5. An averment in a complaint that the plaintiff sold and delivered to the defendant goods of certain value, and the same has not been paid, is a sufficient statement of a cause of action.

CIVIL ACTION, heard upon complaint and demurrer, at Spring Term, 1890, of WAYNE Superior Court, *MacRae, J.,* presiding.

The plaintiffs, a number of trading firms and corporations, alleged that the defendants, a commercial firm, engaged in business at Goldsboro and Smithfield, N. C., were indebted to them, respectively, in the various sums set out in the complaint, for goods, wares and merchandise, sold and delivered to said defendants, "no part of which had been paid;" that the defendants had fraudulently conspired to create a fictitious credit, whereby they had been enabled to purchase in the markets a large and valuable stock of goods, and that

having gained possession thereof, they, with the intent to defraud their creditors, had conveyed the same to assignees in trust, etc.

The complaint sets out with great particularity the facts upon which the action is based and the sources of plaintiffs' information, and demands judgment—

1. Against the defendants for the several sums alleged to be due to them respectively.

2. That the various conveyances herein alleged to have been made by M. Summerfield and H. Dannenberg, or either of them, for the purpose of hindering, delaying and defrauding their creditors, be declared void as to the plaintiffs' creditors.

3. That the sums of money arising from the proceeds of the sale of goods and other sources by Sol. Weil, assignee, now in the hands of H. Weil & Bro., as alleged in the complaint, be paid into the Court, to be applied to the liquidation of the debts due from M. Summerfield & Co. to the plaintiffs.

4. That Sol. Weil account for and pay into Court all moneys in his hands as assignee of said Summerfield & Co., together with all sums that have been or ought to have been in his hands as such assignee, except such as he may have properly paid out in legitimate expenses in executing said trust, to be applied to the liquidation of the debts due from M. Summerfield & Co. to the plaintiffs.

5. That P. T. Massey account for and pay into this Court all moneys that have come into his hands or ought to have come into his hands as assignee of M. Summerfield & Co., except so much thereof as he may have paid out in legitimate expenses in executing said trust, to be applied to the discharge of the debts due from the defendants M. Summerfield & Co. to these plaintiffs.

6. For such other and further relief as they may be entitled to.

7. For the costs of this action.

The defendants demurred for that:

1 The complaint does not upon its face purport to be a creditor's bill.

2. That there is a misjoinder of causes of action, the several plaintiffs having separate and distinct claims in no-wise connected with each other.

3. That the complaint set forth evidence.

4. That it was argumentative.

5 and 6. That certain persons, who claimed property (not sought to be reached in this action) under conveyances from defendants, were not parties.

7. That copies of the alleged fraudulent conveyance referred to in the complaint were not attached to it.

The Court overruled the demurrers, and defendants appealed.

*Messrs. W. C. Munroe, C. B. Aycock* and *W. T. Faircloth*, for plaintiffs.

*Messrs. C. M. Busbee* and *E. W. Pou, Jr.*, for defendants.

SHEPHERD, J :

1. The first ground assigned as a cause of demurrer presents the question whether this action should not have been brought in the form of a general creditor's bill.

In *Hancock* v. *Wooten*, (107 N. C., 9), we attempted to distinguish a general creditor's from a judgment creditor's bill and in the course of the discussion, in speaking of the former, we used the following language: "Such bills are usually instituted for the purpose of winding up the insolvent estates of deceased persons or the affairs of a corporation. These may be illustrated by the cases of *Pegram* v. *Armstrong*, 82 N. C., 326; *Wordsworth* v. *Davis*, 75 N. C., 159; *Long* v. *Bank*, 81 N. C., 41; *Glenn* v. *Bank*, 80 N. C., 97 and *Dobson* v. *Simonton*, 93 N. C., 268. In such cases there are many parties standing in the same

situation as to their rights or claims upon a particular estate or fund, and the shares of a part cannot be determined until the rights of all the others are settled or ascertained. Of this nature also are bills brought to enforce trusts or assignments for creditors and other instances where there is a community of interest, or where the law devolves upon the Court the duty of taking a fund into its custody and distributing it according to the respective interests of the parties."

A glance at the complaint will disclose that the present action is not within the principle above stated. It is brought by several creditors for the purpose of obtaining judgments for their respective claims, and to set aside certain alleged fraudulent assignments made by the defendants. Such relief may be obtained in the same action (*Bank* v. *Harris*, 84 N. C., 206), and several creditors may unite as parties plaintiff and acquire a preference by way of equitable lien. *Hancock* v. *Wooten, supra.* The general creditors have no lien upon copartnership assets (*Allen* v. *Grissom*, 90 N. C., 90), and the Court only requires all of them to be made parties, and decrees a *pro rata* distribution in cases of dissolution, when, at the instance of one or all of the partners, or of a purchaser under execution or otherwise of the interest of an individual partner, it undertakes to wind up the partnership affairs and ascertain the rights of such individual partners, or their successors in interest. As each partner has an equitable right to have the assets applied to the joint indebtedness, it is necessary that the claims of all of the creditors should be ascertained, and the creditors being thus before the Court, an equitable distribution is made. This is not the nature of the present action. Under the former system a creditor of a copartnership could obtain a judgment at law and sell the copartnership property under execution. He could also institute a judgment creditor's bill to reach equitable assets, or to remove obstructions (such as fraudulent conveyances,

&c.) interposed by the debtor to the subjection of legal assets. A judgment creditor's bill was generally said to be in the nature of an equitable *fi. fa.*, and we have seen that such an action may now be maintained without a precedent judgment, and that several creditors may unite in the same. Upon the authorities above mentioned, we are of the opinion that this action need not have been brought in the form of a general creditor's bill, and the demurrer in this respect must be overruled.

2. For the same reasons the second ground of demurrer, that there is a misjoinder of parties plaintiff, is without merit, and the demurrer in this particular must likewise be overruled.

3. The third and fourth grounds of demurrer are untenable. A demurrer does not lie except in the cases specifically mentioned in section 239 of *The Code. Dunn* v. *Barnes,* 73 N. C., 273. Redundancy and impertinence in pleading must be objected to by way of motion before answer or demurrer (*Best* v. *Clyde,* 86 N. C., 4), and the same is true as to argumentativeness, "indefiniteness or uncertainty, unless the uncertainty be such as to state no cause of action." Boone Code Pl, 54, 146.

4. The fifth and sixth grounds of demurrer are also untenable. It is alleged that one of the partners conveyed certain individual property to C. Summerfield and Isadore Summerfield. This property, of course, cannot be reached unless these persons are made parties, and until this is done it may be considered as out of the case. It is not necessary for the creditors, in an action of this character, to subject all of the property of a debtor (*Munroe* v. *Lewald,* 107 N. C., 655); they may proceed against a party only; and this being so, the presence of the persons named is entirely unnecessary to the determination of the controversy, in so far as it affects other property in which they have no interest. "In order to sustain a demurrer or a defect of parties, it must appear that

the party demurring has an interest in having the omitted parties joined, or that he is prejudiced by the non-joinder." Boone, *supra*, 51. Such is not the case here.

5. The seventh ground is also without merit. We know of no law requiring copies of the deeds of assignment to be attached to the complaint.

6. The motion to dismiss because the complaint does not state facts sufficient to constitute a cause of action is denied. The allegation that goods were sold and delivered of the value of a certain amount, and that the same has not been paid, is a sufficient averment of indebtedness in a case like the present.

Upon the whole complaint, we think there are facts constituting a cause of action.

Affirmed.