THOMAS D. CLEMENT, Administrator of Amos Gooch, v. W. W. COZART et al.

*Fraudulent Conveyances — Action to Set Aside — Issues.*

1. A voluntary conveyance is fraudulent in law as to existing creditors when the grantor does not at the time of the conveyance retain property fully sufficient and available for the satisfaction of his then creditors.

2. If a conveyance fraudulent in law be declared void at the suit of an existing creditor, all creditors, those existing at the time of the execution of the conveyance and also subsequent creditors, will be entitled to come in and participate in the fund arising from the sale of the property, subject to existing priorities of lien or those obtained by diligence.

3. A creditor whose debt arose subsequently to the conveyance may bring the action and show the fraud in law, and further, that there are debts unpaid and capable of being enforced which were in existence at the time of the execution of the voluntary deed.

4. Where a voluntary conveyance is fraudulent in fact (as upon a secret trust for the benefit of the grantor, and for the purpose of hindering and delaying his creditors) the action may be brought by the subsequent as well as the existing creditor, and the subsequent creditor need not allege and prove that one or more of the existing debts is still unpaid.

5. Where, in an action in the form of a creditor's bill to set aside a conveyance as fraudulent, instituted by a creditor whose claim arose subsequent to the conveyance, the allegations were that at the time of the conveyance the grantor was insolvent; that the deed was made with intent to hinder, delay and defraud existing and subseqent creditors, and that the conveyance was voluntary and on some secret trust for the benefit of the grantor, and there was evidence tending to show that the deed was to grantor's children, that it was secretly made and the registration thereof was long delayed, and that grantor remained in possession : *Held*, that the submission to the jury of the single issue as to whether the deed was made by the grantor with intent to hinder, delay or defraud the plaintiff (a subsequent creditor) unduly limited the inquiry to the present intent in grantor's mind, at the time of the execution of the deed, to defraud plaintiff. Such special inquiry would not be necessary if the jury were satisfied that there was a secret trust, a continuing fraud evidenced by the grantor's remaining in possession, etc.

6. When presumptions of fraud arise, as from dealings between father and son, the jury must, under proper instructions, find the fraudulent intent, unless it is rebutted by proof.

CIVIL ACTION by plaintiff, as administrator of Amos Gooch, deceased, in behalf of himself as administrator and all other creditors of James C. Cozart, against W. W. Cozart, administrator of J. C. Cozart, deceased, and the heirs at law, etc., of said J. C. Cozart, to compel the administrator to sell real estate of deceased for assets to pay his debts.

The plaintiff tendered several issues, all of which were refused, and a single issue was submitted by the Court as follows :

"Was the deed executed by James C. Cozart to D. C. Lunsford and Thomas G. Cozart, dated November 21, 1871, made with intent to hinder, delay or defraud Amos Gooch (plaintiff's intestate)?

The jury answered "No," and from the judgment thereon for defendants plaintiff appealed.

The facts necessary to an understanding of the decision of the Court are fully and clearly stated in the opinion of Associate Justice MACRAE.

*Messrs. Batchelor & Devereux,* for plaintiff (appellant).
*Mr. J. W. Graham,* for defendants.

MACRAE, J.: Was the one issue submitted by the Court such that the appellant was not denied an opportunity to have the law applicable to any material portions of the testimony fairly presented and passed upon by the jury, it being settled that beyond this rule there is no limit to the discretion of the presiding Judge in settling issues? *Denmark* v. *Railroad,* 107 N. C., 185.

The main point in this case was whether the deed was fraudulent as to subsequent creditors as well as to creditors existing at the time of its execution, if it were indeed fraudulent as to the latter class. The plaintiff's intestate was a subsequent creditor.

The issues which arose upon the allegations of the complaint, as to the death of plaintiff's intestate and the appointment of plaintiff as administrator, and the denial of knowledge by defendants, as appear by articles one and two of the complaint and article one of the answer, were not mentioned, and we presume were not insisted upon by defendants.

His Honor submitted but one issue: "Was the deed executed by James C. Cozart to D. C. Lunsford and Thomas G. Cozart, dated November 21, 1871, made with intent to hinder, delay or defraud *Amos Gooch?*"

We by no means hold that his Honor was required to submit the issues presented by plaintiff's counsel, although,

if he had deemed best to have submitted issues upon several facts alleged and denied in order to bring the principal question the more clearly before the jury, or in order to enable the Court upon the ascertainment of facts by the jury to declare the law, he might have done so. The decisions are becoming quite numerous on this subject. The question, What are the material issues? arises in each case. We refer to *Braswell* v. *Johnson,* 108 N. C., 150, and to Clark's Code, sec. 393.

The execution of the deed was admitted. The complaint alleged that at the time of its execution the grantor, J. C. Cozart, was insolvent, greatly indebted beyond his ability to pay, and that the deed was executed with intent to hinder, delay and defraud the then and all subsequent creditors of said J. C. Cozart, and that the grantees and their alleged *cestuis que trust* had notice thereof.

It alleged the indebtedness of said J. C. Cozart with other persons upon a bond to plaintiff's intestate, the judgment thereon and a partial payment, and that a large part thereof is still due and unpaid.

It charged that said deed was made upon some secret trust for the use and benefit of the grantees; that no part of the recited consideration had ever been paid nor was ever intended to be paid; and averred that the said deed was intended to be a voluntary conveyance.

It further alleged the death of said J. C. Cozart, the administration by one of the defendants, the want of personal assets, the necessity of a sale of the lands of intestate to pay his debts, the conveyance by D. C. Lunsford and Thomas G. Cozart, the grantees in the deed above named, of the lands described therein for the recited consideration of one dollar, to W. W. Cozart and his heirs in trust for the use and benefit of the said James C. Cozart and his wife for life, and after the death of the survivor to be sold and

the proceeds divided among the children and heirs at law of the said James C. Cozart; and that the defendants are the only heirs at law of said J. C. Cozart.

The answer admits the judgment in favor of plaintiff as alleged and the payment thereon as alleged, the death of J. C. Cozart and the administration by defendant W. W. Cozart, and the want of personal assets. It denies all fraud, and denies that said J. C. Cozart died seized of the land in question, or that it will be necessary for the defendant administrator to sell lands to pay debts.

The plaintiff undertook and offered evidence tending to prove that at the time of the execution of the deed first mentioned J. C. Cozart was indebted to several persons and was insolvent. It will be seen by reference to the statement of the case that all of the debts alleged to have been due and owing by the said J. C. Cozart at the time of the execution of the deed were contracted in the years 1857 and 1858, except a judgment rendered against him in 1869, and that upon a bond for $2,000, made by J. C. Cozart and W. W. Cozart on June 1, 1857, a payment had been made in February, 1870. So that according to the evidence there was a large amount of indebtedness of J. C. Cozart at the time of the execution of said deed, but that at the date of the beginning of this action the presumption of payment had arisen if payment were pleaded upon all of the said bonds, and that an action upon the said judgment would be barred if the statute of limitations were pleaded thereto, provided there were no disabilities which prevented the running of the statute.

The plaintiff offered evidence tending to prove that said deed was made to a son and a son-in-law of the grantor; that it was secretly made, and the registration thereof long delayed; that the grantor remained in possession exercising acts of ownership over said land all his life; that some thir-

teen years after the execution of said deed the grantees conveyed the said lands to another son of the said J. C. Cozart as trustee for him and his wife, and under such limitation as to render said lands unavailable at the instance of creditors.   Plaintiff's counsel contended that the fact proved raised the presumption of a secret trust for the benefit of the grantor and in fraud of his creditors, and that the evidence tended to prove that the $2,000 recited consideration had never been paid, or raised a presumption to that effect which the defendants had failed to rebut.   They contended that under the evidence a presumption had arisen which had not been rebutted; that the said deed was fraudulent and void, not only as to those existing at the time of its execution, but as to all subsequent creditors.   They further contended that if the deed was made with intent to defraud the then existing creditors it was void, and that as there were still subsisting debts which existed at the time of the execution of the deed, it was void also as to subsequent creditors.

We are of the opinion that, in order to a clear understanding of the matters in controversy, it was necessary to have submitted an issue as to the intent of J. C. Cozart, at the time of the execution of the deed, to hinder, delay or defraud his then existing creditors; for although it might not be clear to the jury that there was an intent in the mind of the donor at the time of the execution of the deed, in 1871, to hinder Amos Gooch, who became a creditor in 1877, yet if they should find that it was executed with the intent to defraud the then existing creditors, and if it should further appear that any of the then existing debts were still in existence and capable of being satisfied out of the lands in question, if said deed should be declared void, in that case the deed being void as to one was void as to all, and the plaintiff is entitled to his relief.

Up to the Act of 1840 (section 1547 of *The Code*) the law was, as laid down in *O'Daniel* v. *Crawford*, 4 Dev., 197, that no voluntary conveyance of property, even to a child, will be upheld to defeat an existing creditor. *Houston* v. *Bogle*, 10 Ired, 496; 2 Kent Com., 442. After the Act of 1840 he must be careful to retain property sufficient and available to answer all his debts then existing. *Thacker* v. *Sanders*, Busbee's Eq., 145. "Apart from the Act of 1840, if there be an existing debt and the debtor makes a voluntary conveyance and afterwards becomes insolvent, so that the creditor must lose his money or the donor must give up his property, the latter is required to give way on the ground that one must be honest before he is permitted to be generous. To effect this such voluntary conveyance is presumed as a matter of law to be fraudulent." *Jones* v. *Young*, 1 Dev. & Bat., 352; *Houston* v. *Bogle, supra.* The Act of 1840 makes an important change in the law, and requires the question of fraud to be submitted to the jury as an open question of fact *in those cases* where, "at the time of the conveyance, property fully sufficient and available for the satisfaction of all his then creditors is retained by the donor." This is made a condition precedent in order to bring a case within the operation of the act. *Black* v *Saunders*, 1 Jones, 67; *Pullen* v. *Hutchins*, 67 N. C., 428. The leading case in this country on the subject of voluntary settlements by one indebted is *Reade* v. *Livingston*, 3 Johns. Ch. Rep., 481, in which Chancellor KENT reviews all the English authorities and reaches the conclusion that they may always be avoided by existing creditors, and that a presumption of fraud arises in favor of subsequent creditors where there were existing debts not inconsiderable, but of sufficient amount to afford resonable evidence of fraudulent intent. To the same conclusion is *Sexton* v. *Wheaton*, 8 Wheaton, 239. And the opinions in these cases cite all of

the English authorities up to their date, and we take this
to be the law in North Carolina, modified, however, by the
Act of 1840, so as not to apply to cases where the donor
retained property fully sufficient and available to pay
existing debts. The remark of the late Chief Justice
SMITH, in *Worthy* v. *Brady*, 91 N. C., 265, commenting on
*O'Daniel* v. *Crawford*, that the statute *corrects* this ruling,
does not overrule the last named case, but simply calls
attention to the change in the law by reason of the Act of
1840.

But the complaint not only alleges the deed to have been
fraudulent; it charges that it was executed with intent to
hinder, delay and defraud the then and all *subsequent* cred-
itors, etc.; and in the eighth article, that it was executed by
James C. Cozart and wife "upon some *secret* trust for the use
and benefit of the said grantees (evidently meaning grant-
ors) in some way unknown to plaintiffs."

A clear distinction is made between voluntary deeds
where the presumption of fraud in law arises and convey-
ances void by reason of actual fraud. "When a subsequent
creditor seeks to avoid a conveyance upon the ground that
it was voluntary and void as to creditors on account of
fraud in law as distinguished from actual fraud, he must
be able to show that there is some existing debt remaining
unpaid, for if all such debts were provided for and paid, or
afterwards paid without being provided for, that fact repels
the presumption of fraud which the law makes from the
mere fact that the conveyance was voluntary. The general
expression in the case of *Hoke* v. *Henderson*, 3 Dev., 12,
"that a conveyance void as to one creditor is void as to all
creditors," is qualified by what immediately follows: "It is
upon this foundation that what are called *fishing bills* are
filed in equity to find out a creditor at the time of the con-
veyance, and to bring the whole fund into subjection to

general creditors, including subsequent creditors." The meaning is there must be one existing creditor unpaid, as to whom the conveyance is void; if so, that will let in all creditors and bring the whole fund into subjection to general creditors. In this case there was *an actual* fraud. The conveyance was colorable and in trust for the debtor, and being a continuing trust and a continuing fraud, a subsequent creditor can take advantage of it without the aid of an existing creditor whose debt is unpaid."

The distinction is well stated in the case of *Toney* v. *McGehee*, 38 Ark., 419 : "A voluntary conveyance may be impeached by a subsequent creditor on the ground that it was made in fraud of existing creditors; but to do so he must show either that *actual* fraud was intended, or that there were debts still unpaid which the grantor owed at the time of making it." See many cases cited in 8 Am. and Eng. Enc. Law, page 751 *et seq.*

When a presumption of a secret trust is raised by the grantor's remaining in possession, it requires proof in rebuttal. *Askew* v. *Reynolds*, 1 Dev. & Bat., 367. Under 13 Elizabeth, chapter 5, a conveyance made under a secret trust and with fraudulent intent may be avoided as well by subsequent as by previous creditors. *Pinkston* v. *Welsh*, 19 Pick., 231.

"If, indeed, there is a design of fraud or collusion or intent to deceive third persons in such conveyances, although the party be not indebted, the conveyance will be held utterly void as to subsequent as well as to present creditors, for it is not *bona fide.*" 1 Story Com. Eq., 352.

The distinction is recognized in Massachusetts : "If the debtor made the voluntary conveyance with 'intent to defraud,' an expression exemplified by a conveyance with a secret trust unexplained in favor of the debtor, or by a conveyance made to avoid a judgment, subsequent cred-

itors and purchasers may avail themselves of the fraud to set aside the deed; but if the conveyance was voluntary only, and made without fraudulent intent, it may be avoided only by creditors of the time of making it." 2 Bigelow on Fraud, p. 103. See the same book, page 88 *et seq.*, for a very thorough discussion of the subject and review of all the authorities upon it.

The case of *Littleton* v. *Littleton*, 1 Dev. & Bat., 327, cited by defendant's counsel, we consider an authority for the distinction. It was a proceeding for dower in lands alleged to have been fraudulently conveyed to the children of a former marriage by the husband about the time of the second marriage, in contravention of the Act of 1784. "When secretly made, in contemplation of marriage, that special intent constitutes *express, positive or actual* fraud, as it is indifferently called in the books, in contradistinction to that which is implied in law merely from the tendency of the act. Express fraud must render everything into which it enters vicious. It consists in meaning, at the time of an act, to produce thereby a particular prejudice to another, and that very consequence will be produced if the act be allowed to stand. The statute, 13 Eliz., makes void only such conveyances as are intended to defeat *creditors*, and therefore a voluntary conveyance by one then having no creditor is not apparently in it. Yet, if it be made with a view to becoming indebted, it is fraudulent and void." This opinion was delivered before the Act of 1840; since then there must be superadded the failure to retain property fully sufficient and available to pay his debts.

But for the great length to which it would lead us we would be glad, out of respect for the learned counsel of the defendant, to discuss each decision cited by him and point out the difference between it and the one before us. We must con-

tent ourselves with remarking, however, that they generally refer to strictly voluntary conveyances.

To sum up the whole matter: The law is that a voluntary conveyance, where the grantor did not at the time of the grant retain property fully sufficient and available for the satisfaction of his then creditors, is fraudulent in law as to existing creditors. And if such conveyance shall be declared void at the suit of an existing creditor, all creditors, those existing at the execution of the conveyance, and also subsequent creditors, will be entitled to come in and participate in the fund arising from a sale of the property, subject to priorities and to the maxim *vigilantibus non dormientibus leges subvenient.*

If the action shall be brought in the name of a subsequent creditor he may show the fraud in law; and further, that there are still debts unpaid and capable of being enforced, which were in existence at the time of the execution of the voluntary deed. Whether debts which upon proper plea would be held barred by the statute of limitations or by presumption of payment can be said to be capable of being enforced, is an interesting question upon which we are not called upon to express an opinion at this time and without further argument; but it would seem that such debts would not be presumed incapable of being enforced until proper pleas raised the question, or until it was shown that no disability prevented the running of the statute.

If, however, there was actual fraud, as distinguished from fraud in law, the presumption of which arises from a voluntary settlement without retaining property fully sufficient and available for the satisfaction of his then creditors, as if the conveyance were upon a secret trust for the benefit of the grantor, and for the purpose of hindering, etc., his creditors (*Hawkins* v. *Alston,* 4 Ired. Eq., 137), the action may be brought by the subsequent as well as by the existing cred-

itor, and if by a subsequent creditor it would not be necessary for him to allege and prove that one or more of the existing debts was still unpaid. In the case before us actual fraud was charged, and the intent to hinder, etc., not only existing but subsequent creditors; and the action was in form a creditor's bill. While it may be possible, and we suppose the learned Judge who tried this case so intended, under one issue to present every phase of the contention to the jury by appropriate instruction, the tendency was to narrow the inquiry to the question whether there was a present intent in the mind of the grantor at the time of the execution of the deed to defraud the plaintiff's intestate. If the jury was satisfied that there was a secret trust and a continuing fraud, evidenced by a remaining in possession and other acts, it would not be necessary that they should be confined to the inquiry whether the intent was specially to hinder, etc., the plaintiff's intestate.

As the case must go down for a new trial, we do not feel called upon to examine and pass upon *seriatim* the instructions given and the prayers refused. We will only say that when presumptions of fraud arise, as from dealings between father and son, the jury must, under proper instructions, find the fraudulent intent unless it is rebutted by proof. *Banking Co.* v. *Whitaker*, 110 N. C., 345, and cases cited.

The issues ought to be so framed as to present the questions whether this was a voluntary deed, for upon its face it recites a valuable consideration; whether it was made with the intent to hinder, delay or defraud existing creditors; whether any of the existing debts, if there were any, were still subsisting at the time of the commencement of this action; whether the deed was executed upon a secret trust for the benefit of the grantor; and whether it was intended to hinder, etc., his creditors.

These seem to be the material issues. Possibly the Judge who tries the case may find it convenient to present them in a more concise form with proper instruction. We do not propose to invade his province.

We have passed over the first and second exceptions upon the alleged failure of the defendants to prove the registration of the deed, because we think that the plaintiffs are concluded upon this point by the admissions of their pleadings and their issues submitted, in which they admit the registration of the deed five years after its execution. There is error, and a

New Trial is Awarded.