BATTERY PARK BANK v. WESTERN CAROLINA BANK.

(December 22, 1900.)

1. *Assignments for Benefit of Creditors—Validity—Corporations—The Code, sec. 685.*

    A deed of assignment by a corporation is void as to existing creditors, if such creditors begin proceedings to enforce their claims within sixty days after the registration of said assignment.

2. *Receiver—Appointment—Circuit Court—Jurisdiction—Corporations—Creditor's Bill.*

    A circuit Judge has no power to appoint a receiver.

3. *Receivers—Title—Appointment.*

    The title of a receiver relates only to the time of his appointment, and valid liens existing at that time are not divested thereby.

4. *Creditor's Bill—Lien—Realty—Personalty—Debtor.*

    The bringing of a creditor's suit creates no lien on the realty, or tangible personal property of the debtor.

5. *Receiver—Appeal.*

    A receiver is not justified in appealing from a judgment in an action between creditors, as to the distribution of a fund.

CIVIL ACTION by the Battery Park Bank against the Western Carolina Bank, heard by Judge *O. H. Allen,* at November Term, 1900, of BUNCOMBE Superior Court! A receiver was appointed for the defendant, which was insolvent, and from a judgment as to distribution of funds, receiver George H. Smathers, and the creditors other than those in whose favor judgment was rendered, appealed.

*George A. Shuford, J. C. Martin,* and *Chas. A. Moore,* for petitioning creditors.

*Merrimon & Merrimon,* for the receiver and creditors other than the petitioning creditors.

CLARK, J. On October 11, 1897, the defendant bank became insolvent, closed its doors, and executed an assignment for the benefit of all its creditors. On the morning of October 12th, the plaintiffs sued out a summons in a creditors' bill to wind up its affairs, and filed an affidavit for the appointment of a receiver. On said October 12th a temporary receiver was appointed by Judge Ewart, of the Circuit Court of Buncombe, etc., who was by him made permanent receiver on the next day. At night on October 13th the same person was appointed a temporary receiver by Judge Norwood, the Judge of the Superior Court, holding the courts of that district. On October 12th and 13th, after the summons in this creditors' bill was sued out, and after the order of Judge Ewart appointing a temporary receiver, each of the petitioning creditors sued the defendant bank before a Justice of the Peace, obtained judgments aggregating $5,000, and had transcripts docketed in the Superior Court of Buncombe before any action was taken by Judge Norwood upon the application for appointment of a receiver. These judgment creditors, at March Term, 1898, filed petitions in this cause, claiming

127——28

liens on the real estate of defendant bank in Buncombe County, superior to the rights of the general creditors. They have not become parties to this action otherwise than by filing said petition asking for payment in full of their judgments.

The deed of assignment is void as to petitioners by virtue of Code, sec. 685; *Duke v. Markham,* 105 N. C., 138; *Langston v. Improvement Co.,* 120 N. C., 133; *Wilson Cotton Mills v. C. C. Randleman Cotton Mills,* 115 N. C., 485. The appointment of receiver by Judge Ewart was a nullity. *Rhyne v. Lipscombe,* 122 N. C., 660. The title of the receiver appointed by Judge Norwood relates only to the time of his appointment (*Worth v. Bank,* 122 N. C., 397; *Pelletier v. Lumber Co.,* 123 N. C., 596, and valid liens existing at the time of his appointment are not divested thereby (*Wilson Cotton Mills v. C. C. Randleman Cotton Mills,* 116 N. C., 648). This narrows the controversy to the single inquiry, does the issuance of summons in a proceeding in the nature of a creditors' bill, and filing an affidavit for a receiver therein, confer any lien upon the property of the defendant? The law, we think, is correctly stated as follows: The lien obtained by the commencement of an action in the nature of a creditors' bill creates a lien upon the choses in action and equitable assets of the debtor, but not upon his tangible personal property. If the latter is levied upon by execution or attachment prior to the appointment of a receiver, at which time the property first passes in *custodia legis,* it passes to the receiver subject to the lien of the levy. *Davenport v. Kelly,* 42 N. Y., 193; *Knower v. Bank,* 124 N. Y., 552. The docketing of the petitioners' judgments conferred the same lien upon the realty as a levy upon the personalty would; hence the realty of defendant passed to the receiver subject thereto. There are authorities cited in Smith, Eq. Rem.

Cred., sec. 222, that the lien by virtue of the commencement of the creditors' bill does not extend to choses in action, but only to equitable assets.   Upon the reasoning, we are inclined to think the other authorities above cited are correct, and that no liens are acquired as against a receiver, except by levy upon personalty and upon realty (in this State), by docketing a judgment.   But that question (which seems to be the only conflict in the authorities) whether a lien is acquired as to the choses in action from the commencement of the creditors' bill it is not necessary for us to decide in this instance.   The judgment of the Court below directing the payment of the petitioners' judgments out of the proceeds of the realty as preferred liens thereon is affirmed.   But we fail to see why the receiver appealed from the judgment.   He is in no wise concerned, nor is the interest of the defendant bank affected, as the indebtedness is admittedly valid. The method of application of this fund concerned only the plaintiffs, and an appeal should have been taken by such of them as are dissatisfied; and at their own costs, not at the cost of the fund.   The receiver is the agent of the Court. Its judgment is full protection to him, and it is a rare case that he can be justified in appealing, and certainly he is not when, as in this instance, the question is merely between two sets of creditors as to the distribution of the fund.