In re BIDDLE.  HART et al. v. DAIL et al. (two cases).

(Circuit Court of Appeals, Fourth Circuit. May 9, 1925.)

Nos. 2332, 2333.

1. Fraudulent conveyances ⊜⟹321(2) — In North Carolina, bill by creditor to set aside conveyance gives equitable lien.

In North Carolina, bill by creditor to set aside conveyance as fraudulent gives plaintiff equitable lien from date bill was filed, regardless of whether interest sought to be subjected is legal or equitable.

2. Fraudulent conveyances ⊜⟹318, 321(1)—In North Carolina, conveyance set aside as fraudulent is stricken down as to all creditors; original suitors are not deprived of priorities.

In North Carolina, conveyance set aside as fraudulent is stricken down as against all creditors and not merely as against those who attack it, but decree does not deprive original suitors of any priorities they have acquired by their superior vigilance.

3. Bankruptcy ⊜⟹440 — Judgment creditors whose claim against bankrupt exceeded $500, was entitled to appeal from denial of priority.

Where all of bankrupt's creditors submitted their claims to priority to bankruptcy court, proceeding was in bankruptcy rather than controversy arising in course of bankruptcy proceedings, but judgment creditors, whose claim exceeded $500, had right to appeal from disallowance of their claim of priority.

On Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of North Carolina, at New Bern.

Appeal from the District Court of the United States for the Eastern District of North Carolina, at New Bern.

In Bankruptcy. In the matter of J. W. Biddle, bankrupt. Property of bankrupt was, or was about to be, sold, and proceeds paid to creditors in accordance with findings of bankruptcy court as to their respective priorities, and H. A. Hart & Bro. file petition to superintend and revise, in matter

of law, against George Dail, trustee in bankruptcy and others, and also appeal. Petition to superintend and revise dismissed, and decree appealed from reversed.

R. A. Nunn and Larry I. Moore, both of New Bern, N. C. (Moore & Dunn, of New Bern, N. C., on the brief), for petitioners and appellants.

T. D. Warren and R. E. Whitehurst, both of New Bern, N. C., for respondents and appellees.

Before WOODS, WADDILL and ROSE, Circuit Judges.

ROSE, Circuit Judge. One J. W. Biddle, hereinafter called the bankrupt, upon his petition filed on the 30th of December, 1922, was on that day adjudged a bankrupt. More than two years before or, to be precise, on September 20, 1920, he had without consideration conveyed to his wife a farm with intent to hinder, delay, and defraud his creditors. On the 4th of April 1921, the petitioners and appellants, H. A. Hart & Bro., hereinafter spoken of as the Harts, issued a summons, and on the 21st of the same month filed a complaint against the bankrupt and his wife in the state court of Craven county, N. C., alleging that the conveyance of the farm was void under the statute of the 13th of Elizabeth. They asked that it be set aside as to them and as to other creditors, for a judgment for their debt, and that pendente lite the defendants should be enjoined from conveying or encumbering the land in question. Such an injunction was issued on May 6, 1921, and served upon the defendants twelve days later. On October 2, 1922, and therefore within less than four months before the bankruptcy, a decree was entered in favor of the Harts for $10,816.86. It set aside the conveyance generally as fraudulent. At various dates, subsequent to the 4th of April, 1921, and prior to October 2, 1922, various other creditors, now respondents and appellees, recovered ordinary money judgments against the bankrupt. After the adjudication and by consent of all concerned, the farm involved in the state court litigation was taken possession of by the trustee in bankruptcy, and has been, or is to be, sold by him and the proceeds paid to the creditors in accordance with the findings of the bankruptcy court as to their respective priorities.

There is but one question in the case, and that turns on the law of the state: Does the lien of the Harts upon the farm date from the institution of their proceedings to set aside the conveyance to the bankrupt's wife, or only from the date at which decree was entered? If they obtained a lien as early as April 4, 1921, not only is it unaffected by the filing of the petition in bankruptcy 20 months later, but it is prior in time and therefore is right to the lien of the judgment subsequently acquired by the other creditors. Moore v. Green, 145 F. 472, 76 C. C. A. 242 (C. C. A. 4th Ct.). On the other hand, if the Harts had no lien until the entry of the decree in their favor on the 2d of October, 1922, it is junior to judgment held by the other creditors.

[1] It would seem to be clearly settled in North Carolina that such a bill as that filed by the Harts is what is there ordinarily called a judgment creditor's, as distinguished from a general creditor's, bill. Hancock v. Wooten, 107 N. C. 9, 12 S. E. 199, 11 L. R. A. 466. That case said that the former are entertained in equity not only for the purpose of subjecting equitable estates and other interests which could not be reached and sold under execution, but "also for the purpose of removing obstructions to legal remedies as by setting aside fraudulent conveyances and the like." While pointing out that, contrary to the earlier law, such a bill might be filed by a simple contract-creditor, it expressly recognized the distinct character of the judgment creditor's bill as it formerly existed dispensing only with the necessity of obtaining a judgment in an independent action. Its institution, the court said, creates a preference by way of an equitable lien, whether the interest sought to be subjected be legal or equitable. Vide, also, Monroe v. Lewald, 107 N. C. 655, 12 S. E. 287; Smith v. Summerfield, 108 N. C. 284, 12 S. E. 997; Clement v. Cozart, 112 N. C. 412, 17 S. E. 486. There is nothing to the contrary in Fisher v. Bank, 132 N. C. 769, 44 S. E. 601. That case was expressly decided under a provision of the Code of the state by which the mere bringing of an action to set aside a conveyance of the character there involved when made by a corporation necessarily resulted in its avoidance. There was no necessity of inquiring as to the intent with which it was made.

[2] The other judgment creditors called attention to the fact that the state court, over the objection of the Harts, set aside the deed generally and not merely as against their claims as they had requested it to do. In North Carolina, it has been settled for nearly a century that when a conveyance is set aside as fraudulent, it is stricken down as against all the creditors and not merely as

against those who attack it. Hoke v. Henderson, 14 N. C. 20. Such a decree, however, does not deprive the original suitors of any priorities they have acquired by their superior vigilance. Monroe v. Lewald, 107 N. C. 655, 12 S. E. 287.

It follows that the learned court below erred in holding that the Harts did not acquire a lien as of the date of the institution of their suit.

[3] As all of the parties submitted their claims and their respective pretenses to priorities to the adjudication of the court in bankruptcy, the proceeding was one in bankruptcy, rather than a controversy arising in the course of bankruptcy proceedings; but as the claim of the Harts exceeded $500, they had a right to appeal from the disallowance of their claim of priority. Coder v. Arts, 213 U. S. 223, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008.

It follows that the petition to superintend and revise in No. 2332 must be dismissed, and the decree appealed from in No. 2333 must be reversed.