N. RHEINSTEIN, to use of JULIUS FREEBURG v. BIXBY & KATZ, et al.

### *Injunction—Receiver—Fraudulent Conveyance.*

1. Where the application for a receiver is based upon the alleged fraudulent character of a conveyance, the question of whether or not the deed is fraudulent, belongs to the final hearing of the cause, and the alleged fraud will only be considered on such motion for a receiver, as showing grounds for the protection of the fund until the final hearing.

.2. In such case, a receiver will not be appointed, unless it is manifest that the fund is mismanaged and in danger of being lost, or where the insolvency of an unfit trustee is present or imminent.

(*Levenson* v. *Elson*, 88 N. C., 182, and *Thompson* v. *McNair*, Phil. Eq., 121, cited and approved).

MOTION for an injunction and receiver, in a case pending in MECKLENBURG Superior Court, heard by *Shipp, Judge*, at Chambers.

His Honor refused the motion, and the plaintiffs appealed.

*Messrs. Jones & Johnston, Batchelor & Devereux* and *Geo. F. Bason*, for the plaintiffs.

No counsel for the defendants.

SMITH, C. J. The defendants, Bixby & Katz, on July 10th, 1883, purchased from the other defendant, Kendrick, his stock of spiritous liquors, wines, and the like, with the bar-room fixtures, for the sum of $4,500; whereof they paid in money $1,000 and gave their notes in different sums and maturing at different periods in the future, the last, of $1500, on the first day of January thereafter.

To secure the deferred payments, they at the same time reconveyed the goods to the vendor by deed of mortgage, with the usual proviso, for the mortgagee to repossess himself of the goods, and make sale of them upon any default on the part of the mortgagors, and a stipulation that they should dispose of the stock at retail, and from time to time replenish it, so that it should be sufficient security for what was due.

On the 27th day of the same month the plaintiff Rheinstein also sold a bill of liquors to the firm for $394$\frac{85}{100}$, and took their note and acceptance for different parts thereof, payable respectively at 60 and 90 days. The note and draft, before maturity, were assigned for value to the plaintiff, Julius Freeburg, who afterwards sued and recovered judgment on the note, and caused the draft to be presented and protested for non-payment.

Bixby and Katz have since contracted other debts in the prosecution of their business, but at the time of making the mortgage owed no other debt except that therein provided for and due to Kendrick. They were allowed to remain in possession of the goods and dispose of them as their own until early in December of the same year, when the mortgagee, by reason of their default, again took possession in order to sell, soon after which, on the 17th day of the same month, this suit was instituted.

It is not denied that Bixby and Katz are entirely insolvent and unable to pay from any other resources of their own, their indebtedness to the plaintiffs or other unsecured creditors.

Two days after the issue of the summons, and the day preceding its service, the plaintiffs obtained an order from the judge, requiring the defendants to show cause before him on the 27th of the month, why a receiver should not be appointed to take possession of the property, and the defendants be restrained from disposing of it until the hearing. In reply to the rule the defendants filed their answers to the complaint, and the application was heard upon them alone, used as affidavits, and the court refused to appoint a receiver or order the issue of an injunction as moved, and the plaintiffs appealed.

The controversy developed in the pleadings, is as to the *bona fides* of the transaction between the defendants, terminating in the giving the mortgage, and the use to be made of it for the protection of the mortgagors in the prosecution of the transferred business. The plaintiffs insist that the intent was to defraud future creditors, and such intent, if not apparent upon the face of the deed is shown in the use made of the conveyance afterwards.

The defendants expressly deny this imputation upon their good faith in entering into an arrangement that promised to be of mutual advantage to both and when there were no other creditors injuriously affected by it. The distinct issue is thus made as to the fraudulent character of the deed, whose determination belongs to the final hearing of the cause, and can only be considered at this stage of it, as furnishing grounds for an order for the security of the fund until the rights of the contesting parties are ascertained and adjudged. But the goods have been restored to the mortgagee for the purpose contemplated in the deed, and no sufficient reason is assigned for their withdrawal from his rightful custody.

It is not shown or suggested that he is not able to answer any and all demands that may be established against him, should the deed be successfully assailed for fraud and be declared invalid, for the entire value of the goods, or for any surplus in his hands after discharging the mortgage debt, if the plaintiffs fail to establish their charge.

As was said in *Levenson* v. *Elson*, 88 N. C., 182, a case in its essential features so like the present that we may well be content to refer to it as a decisive authority, "we are not called upon to pass on the validity of the assignment in this collateral inquiry and upon mere *ex parte* affidavits; we interpose only where it is manifest that the fund is mismanaged and in danger of being lost, or where the insolvency of an unfit trustee is present or imminent."

And, again, "The rule is quite as well settled, that, unless in case of threatened irreparable damage or loss of the fund, it will be suffered to remain in the hands of the party who in law is entitled to its custody and care"—citing *Thompson* v. *McNair*, Phil. Eq., 121.

We understand the appeal to be taken from the denial of the motion for a receiver and an injunction, while the judgment in the record is for a dissolution of a preceding restraining order, which was not, in fact, ever granted.

In view of this inconsistency we are constrained to consider the subject-matter of the appellants' complaint to be the failure of the judge to make the orders asked.

There is no error. This will be certified that the case may proceed in the court below.

No error.                                              Affirmed.