CITY NATIONAL BANK v. D. E. BRIDGERS et al.

*Practice—Injunction—Receiver.*

1. Upon an application for an injunction and receiver it is not necessary
    for the Judge to "find the facts" further than to examine the
    affidavits and determine whether sufficient cause is shown for the
    ancillary relief.

2. Where the insolvency of a trustee in a deed of assignment was ques-
    tioned and it was positively alleged by the plaintiff, and the defend-

ants simply allege their belief that he was not insolvent; and, upon being required to give bond, the trustee refused so to do: *Held,* that it is proper to appoint a receiver to take charge of the assigned estate pending the litigation.

At August Term, 1893, of NORTHAMPTON Superior Court, his Honor *Bynum, J.,* upon the failure of the trustee to give the bond required, appointed a receiver to take charge of the assigned estate pending an action to set aside the deed for fraud. From this order the defendants appealed.

*Messrs. W. H. Day, Alexander Stronach* and *J. W. Hinsdale,* for plaintiff.

*Mr. R. B. Peebles,* for defendants (appellants).

MACRAE, J.: The complaint and answer are used as affidavits in the case on the application for an injunction and receiver. It was not necessary that the Judge below should "find the facts" further than to examine the affidavits and determine whether sufficient cause was shown for the ancillary relief sought pending the action. In proceedings of the present nature this Court in the exercise of its equitable jurisdiction is required to pass upon the facts as well as the law. *Jones* v. *Boyd,* 80 N. C., 258. A serious controversy exists between the parties to this action, involving the *bona fides* of a deed of assignment made by defendants Garris & Bridgers to J. D. Bottoms; the insolvency of the trustee is positively averred by plaintiff and the defendants simply allege their belief that he is not insolvent. His Honor required him, for the protection of the estate, to give bond in $1,000, and upon his refusal to give such bond appointed a receiver. No questions as to exemptions were necessary to be determined in this order made for the preservation of the property or fund pending the litigation; it is now in the hands of an officer of the Court and all these matters may be determined in good time.

This is not a case in which a specific denial of the allegations in plaintiff's affidavit would entitle the defendants to a dissolution of the restraining order. The practice is so well settled now that it will be unnecessary to cite authorities.                                    Affirmed.