PEARCE BROTHERS & CO. et al v. J. W. ELWELL et al.

*Practice—Findings of Fact—Review on Appeal—Receiver,
Appointment of.*

1. In cases where this Court has the right to review the findings of
   fact by the Court below, it may find the facts if they have
   not been found below.
2. Where, in an application for a Receiver, the complaint and affi-
   davits alleged that defendant debtor and other defendants
   named, all of whom were insolvent, had combined to defraud
   the plaintiffs out of their claims against the debtor, and none
   of the defendants, except the debtor, denied the allegations
   and the Court appointed a Receiver for the debtor, but
   refused as to the other defendants ; *Held*, that such refusal
   was error.

Application by Pearce Bros. & Co., Robeson & Co., and
others against J. W. Elwell and others for the appointment
of a Receiver, heard before *Bryan, J.*, at May Term, 1894,
of ROBESON Superior Court. His Honor granted the applica-
tion as to Elwell but refused it as to the other defendants,
and plaintiffs appealed.

The facts appear in the opinion of Associate Justice
FURCHES.

*Messrs. Battle & Mordecai* and *McNeill & McLean*, for
plaintiffs ( appellants ).

No counsel, *contra*.

FURCHES, J.: This is an application for a receiver, heard by *Brown, J.*, from whose order plaintiffs appealed to this Court. The motion was heard upon plaintiff's complaints, used as affidavits, the affidavit of W. H. Miller and the answer of J. W. Elwell, used as an affidavit.

The Judge does not find the facts but simply renders his judgment, appointing a receiver as to Elwell and refusing to appoint a receiver for the other defendants. If his Honor had found the facts, this Court would have the right to review his finding. *Coates* v. *Wilkes*, 92 N. C., 376. And it certainly has the right to find the facts where they were not found by the Court below if it has the right to review his findings. We are not inadvertent to the fact that cases may be found where it is held that this Court cannot review the findings of fact in the Court below. But they are distinguishable from this case.

Then the fact that Elwell & Woolard, doing business under the firm name of "Elwell & Co.," are indebted to the plaintiff, is alleged and not denied. The complaints both alleged, as well as the affidavit of M. H. Miller, that all the defendants are insolvent, that M. S. Lassiter is the wife of M. B. Lassiter and that Sam Lassiter is the infant son of M. B. Lassiter, and that the sale, or pretended sale of Elwell to M. B. Lassiter, and the pretended sale of M. B. Lassiter to his wife and infant son were all a part of a fraud concocted from the beginning to cheat and defraud the plaintiff out of their just debts. That defendants have made different and contradictory statements as to the terms of said sales; and that defendant Elwell is now sporting on the ill-gotten gains of this fraudulent transaction.

The defendant Elwell is the only defendant that pretends to deny any of these damaging charges; and he only denies that his sale to S. B. Lassiter was fraudulent, and if said Lassiter was insolvent it was unknown to him. This

denial raises an issue.   But the surrounding circumstances throw such a shadow upon this transaction that the Court below properly held that plaintiffs were entitled to have a receiver, as to the defendant Elwell.   And if plaintiffs were entitled to a receiver as to Elwell, who answered and made the denials stated above, we cannot see why they were not entitled to have a receiver as to the defendants who made no denial of the frauds, insolvency, coverture and infancy, as alleged.   *Ellett* v. *Newman*, 92 N. C., 519 ; *Rheinstein* v. *Bixby* 92 N. C., 307 ; *Machine Co.* v. *Lumber Co.*, 109 N. C., 576 ; *Bank* v. *Bridgers*, 114 N. C., 381.

In applications for ancillary relief, it is not necessary that proof should be as full and as complete as if the trial was before the jury upon the main issues. *Faison* v. *Hardy*, 114 N. C., 58 ; *Bank* v. *Bridgers*, *supra.*   And we are clearly of the opinion that there is sufficient *undisputed evidence* in the case to entitle the plaintiffs to a receiver as to the other defendants, as well as against the defendant Elwell.   It may be that a receiver, at this late day, will be of but little benefit to plaintiffs.   But this is not a matter for us.

There is error, and the plaintiffs are entitled to have a receiver as to the other defendants, as well as to Elwell.

Error.