## 9971

JACKSON *ET AL.* v. SOUTH CAROLINA COLORED STATE FAIR ASSOCIATION *ET AL.*

(*96* S. E. *116.*)

1. RECEIVERS—APPOINTMENT—SCOPE OF INQUIRY.—In deciding whether a receiver should be appointed, a Court is not required to make such an inquiry into facts of case as will enable it to pass upon merits thereof, but need merely inquire into the facts sufficiently to determine whether in the exercise of discretion he will appoint receiver.

2. INJUNCTIONS—EX PARTE TEMPORARY RESTRAINING ORDER—SCOPE OF INQUIRY.—Where Court is asked to continue *ex parte* restraining order, its inquiry into facts of case is sufficient, it enables him to pass upon necessity for such order, and need not be sufficient for purposes of deciding merits of case.

Before PEURIFOY, J., Richland, Fall term, 1917. Affirmed.

This was an action by the plaintiffs, stockholders of the defendant corporation, for an accounting and the appointment of a receiver.

A temporary restraining order was granted by Judge M. L. Smith at the time of the service of the summons and complaint. Subsequently plaintiffs gave notice of a motion for the appointment of a receiver and a continuance of the restraining order. The matter came on to be heard before Judge Peurifoy, and, after hearing, he passed an order refusing the appointment of a receiver and refusing to continue the temporary restraining order. Plaintiffs appeal.

*Messrs. Graydon & Graydon, DePass & DePass, Butler W. Nance, Green Jackson,* for appellants, cite: *As to refusal to appoint receiver:* 46 S. C. 79; High on Injuctions, secs. 1518, 1521; 84 S. C. 214; Civil Code, 1912, secs. 2837, 2850; 53 S. C. 519; 60 S. C. 183; 66 S. C. 100; Cook on Stockholders and Corporation Law, secs. 644-646; 39 S. C. 52; 48 S. C. 83; 93 Mich. 97; 104 U. S. —; 96 S. C. 290; 97, 373. *As to Judge Peurifoy not having the power to dissolve the temporary restraining order:* 54 S. C. 457; 62 S. C. 196; 69 S. C. 52. *Upon the whole case:* S. C. Constitution 1895, art. XI, sec. 9; Civil Code, sec. 2, 787; 92 S. C. 342.

*Messrs. Cole. L. Blease* and *N. J. Frederick,* for respondents, cite: *As to granting an interlocutory injunction or appointing a receiver:* 69 S. C. 159; 27 S. C. 415; Code of Civil Procedure (1912), sec. 303; 60 S. S. 568; 64 S. C. 455. *Upon the whole case:* 48 S. C. 83; 60 S. C. 160.

May 14, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of his Honor, Judge Peurifoy, refusing to appoint a receiver and refusing to continue an *ex parte* temporary restraining order granted by his Honor, Judge M. L. Smith.

His Honor, Judge Peurifoy, inquired into the facts of the case sufficiently for the purpose, not of deciding the case on its merits, but to determine whether or not in the exercise of his discretion he would appoint or refuse to appoint a receiver and grant the temporary restraining order asked for.    This he had clearly the right to do, and in the exercise of the discretion vested in him he refused both.    We see no error in his order as complained of.

The appeal is dismissed, and order appealed from affirmed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent.