## 10481

### WILSON *ET AL.* v. CURETON *ET AL.*

#### (103 S. E. 789.)

1. HIGHWAYS—STATUTE PRESCRIBING DUTY OF ENGINEER CONSTRUED.— In Act March 1, 1917 (30 St. at Large, p. 297), secs. 5, 6, 8, section 6, directing employment by the highway commission of a road engineer, and prescribing his duty to survey, locate, and relocate, when' necessary, every section of road before permanent work shall be done on it, the words "when necessary" refer to "relocate," and not to the whole statute.

2. COUNTIES—PRESIDING JUDGE HAS DISCRETION IN GRANTING INJUNCTION AGAINST EXPENDITURES ON HIGHWAYS.—In suit for injunction by taxpayers and citizens to restrain an alleged illegal expenditure of public moneys on highways by the highway commission, the presiding Judge has a discretion in granting the injunction.

3. COUNTIES—DENIAL OF INJUNCTION AGAINST HIGHWAY COMMISSION HELD NOT AN ABUSE OF DISCRETION.—Denial of injunction by presiding Judge to taxpayers and citizens seeking remedy against highway commission, to restrain alleged illegal expenditure of moneys in violation of Act March 1, 1917 (30 St. at Large, p. 297), *held* not an abuse of discretion; commission having shown they were allowed full discretion as to the location of the roads to be constructed, etc.

4. APPEAL AND ERROR—FINDING ON FACT NOT IN RECORD HELD ERRONEOUS, BUT NOT GROUND FOR REVERSAL.—It is error to have a finding on a fact that does not appear in the record, but where it is not clear that the fact is not in the record, the Supreme Court would not be justified in stopping a great public work on the highways of the State for violation of such rule, which in the particular instance is merely technical.

Before MAULDIN, J., Pickens, July, 1919. Affirmed.

Action by J. Sam Wilson *et al.,* Taxpayers, against Chas. L. Cureton *et al.,* Highway Commissioners, and P. J. Patton, Engineer, for injunction. From order dismissing the petition, the plaintiffs appeal.

*Mr. J. J. McSwain,* for appellant, cites: *Conditions in act requiring surveys, and maps were mandatory, and not left to discretion of the commission:* 30 Stats. 297.

*Mr. C. E. Robinson,* for respondent, cites: *Matter of determination necessity left to judgment and discretion of commissioners:* 86 S. C. 407. *Order was in discretion of Judge:* 107 S. C. 402; 109 S. C. 283. *Acts of public officers· will not be disturbed by the Courts unless showing of abuse of power, or unless capricous or arbitrary action in disregard of public interest is shown:* 82 S. C. 141; 81 S. C. 414; 99 S. C. 135; 103 S. C. 536.

July 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellants thus state their case:

"This action was brought solely for injunctive relief. The plaintiffs are taxpayers and citizens of Pickens county and directly interested in the expenditure of public money. They allege that the defendants are violating the statute law of South Carolina, contained in Act No. 156, at page 297 of the Acts of 1917, approved March 1, 1917. A reference to that statute shows that a highway commission was created, with authority to issue bonds to the amount of $250,-000, and providing for the sale of said bonds, and providing for the expenditure of the money in permanent road improvements, and section 5 contains the following proviso : *'Provided,* That before any of the said money is so expended, such roads and highways shall be surveyed, located and otherwise laid out for the permanent improvements as hereinafter provided. For the purpose of this act, any highway laid out or designated by the said commission shall be deemed a public road.'

"Section 6 directs the employment of a skillful and scientific road engineer, and prescribes the duty of such scientific engineer to survey, locate, and relocate, when necessary, every section of the road, 'before any permanent work shall be done thereon, furnishing complete maps, showing location, grade, together with complete plans and specifications for the permanent construction of such road or highway.'

"Section 8 provides that upon the completion of the survey, with plans and specifications, the commission shall advertise for bids for the building of the roads according to the plans and specifications, reserving the right to reject any and all bids, and then following the proviso that nothing contained in that section shall prohibit the commission from building any of the said roads with day labor or convict labor.

"Clear Error of the Presiding Judge.—The presiding Judge says that taking the acts as a whole means that the commission can dispense with the services of a scientific and

skilled engineer, and can dispense with the making of surveys, maps, plans, and specifications, and can dispense with the advertisement for bids, and use its own discretion in the matter."

1. It is very manifest that the words "when necessary" refer to "relocate," and not to the whole statute. It does not follow, necessarily, that the injunction must be ordered. The presiding Judge has a discretion in granting the injunction. *Dallas v. Inman,* 107 S. C. 402, 93 S. E. 8; *Jackson v. Fair Association,* 109 S. C. 283, 96 S. E. 116.

We do not see that his Honor abused his discretion. The showing by the respondents is that they are allowed full discretion as to the location of roads to be constructed, that a part of one road has already been completed except the surfacing, that they intend to comply with the statute as to the other road, and that they had been promised Federal aid, which the complaint alleged would be lost. It is not wise or prudent to allow public officers to incur large liabilities, based upon an honest misconstruction of a statute, and then to tie their hands and stop the work by an injunction. This was certainly no abuse of discretion, and the exceptions that raise this question cannot be sustained.

2. The appellants complain that his Honor based his finding upon a statement of fact by counsel in argument that did not appear in the record. It is always error to have a finding on a fact that does not appear in the record. It is not, however, clear that the fact is not in the record. His Honor quotes the promise of Federal aid from the argument of counsel. He might have quoted it from the return of the highway commission. In any event, the truth of the statement is not even now denied. This Court would not be justified in stopping a great public

work because of a violation of a rule that in this particular instance is merely technical.

The judgment appealed from is affirmed.