[Civ. No. 13665.   First Dist., Div. Two.   Aug. 5, 1948.]

JAMES RIBERO et al., Respondents, v. C. E. CALLAWAY et al., Defendants; FRANK L. LEARD et al., Appellants.

136

H. Boyarsky for Appellants.

Fred A. Watkins and Paul I. Myers for Respondents.

NOURSE, P. J.—Frank L. Leard and Earl W. Callaway, individually and as copartners, appeal from two orders charging the interest of Clyde E. Callaway in a partnership business operating the "Montana Club and Hotel, Ltd." at San Francisco, and composed of said appellants, said Clyde E. Callaway and M. Lerner with the payment of the unsatisfied portion of a judgment in favor of respondents Ribero and appointing a receiver pursuant to section 2422 of the Civil Code. The first order appealed from is a minute order of July 1, 1947, reading: "H. S. motion to appoint receiver and to charge partner's interest granted." The second order is a formal order dated July 24, 1947, and filed August 20, 1947, containing the charging order with description of the interest charged and the appointment of W. Neil Walsh as receiver with statement of the scope of his authority.

Appellants denied that the judgment debtor C. E. Callaway was a partner or had any interest in the Montana Club and Hotel. The judgment debtor himself did not oppose the motion for the charging order and the appointment of a receiver and does not appeal.

No oral evidence was introduced. Three affidavits to be detailed later, and a file No. 26836 containing the certificate

of Limited Partnership of Montana Club and Hotel Limited, with Affidavit of Publication were transmitted by the clerk below to this court as exhibits. ▮ It does not appear from the clerk's transcript that said file No. 26836 was received in evidence, nor is it marked by him as such. However respondents state in their brief that the court received said file as part of the proof introduced in support of respondents' motion and appellants do not deny this. As the parties must have considered the file to be in evidence we shall also consider it to have been so. (*O'Callaghan* v. *Bode*, 84 Cal. 489, 497 [24 P. 269].)

With respect to the disputed copartnership of the judgment debtor, an affidavit of respondent James Ribero only states that Clyde E. Callaway "is a copartner" in "Montana Club and Hotel Ltd." The certificate of limited copartnership of Montana Club and Hotel Limited certifies that the partnership was formed on January 10, 1946, by appellants and said Clyde E. Callaway as general partners, each having contributed $4,500 in cash, and M. Lerner as limited partner, having contributed one dollar. The partnership is to continue for a period of 10 years unless sooner terminated by the mutual written consent of all partners. The profits, except for one dollar yearly to be paid to Lerner, shall be divided equally between the general partners. The file No. 26836 does not show any cancellation or amendment pursuant to section 2500 of the Civil Code. An affidavit of appellants states in substance that the limited partnership agreement certified was purely nominal to protect certain interests of M. Lerner in liquor licenses and that actually as between appellants and the judgment debtor said certificate was superseded by another agreement of the same date, signed by appellants and Clyde E. Callaway only, according to which the judgment debtor advanced approximately $10,500, and would remain a partner and entitled to an equal share in the profits only until this capital investment would have been paid off out of the profit shares of the appellants. However, thereafter it was agreed that appellants would pay off the money advanced as speedily as they could raise it, without regard to their share of the profits. The final repayment took place on February 28, 1947, and on that date the judgment debtor gave a release in full of his interest in the Montana Club and Hotel Limited. It is conceded, however, that the liquor licenses are still in the name of all partners certified. An affidavit of Gordon W. Andrus accountant of the Montana Club and

Hotel certifies that Clyde E. Callaway contributed two amounts aggregating $10,148.22, and until February 28, 1947, was repaid four amounts aggregating $10,010.

Before reviewing the errors assigned by appellants we must examine respondents' contention that appellants have no such interest in the subject matter of the proceedings as to entitle them to appeal as parties aggrieved within the meaning of section 938 of the Code of Civil Procedure. ■ It is true that the charging order and appointment of a receiver under section 2422 of the Civil Code, section 28 of the Uniform Partnership Act, is restricted to the share of the judgment debtor and that the judgment creditor does not acquire as to the other partners and the partnership any greater rights than the debtor is entitled to for his own benefit (commissioners' note to § 28 of the Uniform Partnership Act). The motion does not ask and the order does not grant relief as against appellants. Nevertheless appellants and the partnership were made parties to the proceedings by being given notice of the motion. In England, from where section 28 of the Uniform Partnership Act derives, service on the copartners is expressly required by law. (Lindley on Partnership (10th ed.), p. 432.) It seems expedient that copartners should from the beginning have an opportunity to prevent unwarranted charging orders in behalf of creditors of persons clearly without interest in the partnership.

■ If a person has sufficient interest to make him a party to an action he has as a rule sufficient interest to appeal, should the judgment be against him. (4 C.J.S. 349; State v. Cranney, 30 Wash. 594 [71 P. 50].) In this case appellants appeared and denied any interest of the judgment debtor, contending to be themselves the sole parties beneficially interested in the partnership. The implied rejection of their position was injurious to their alleged sole interest as to which it at least raised a doubt even if it be conceded that as to appellants the order made in these summary proceedings does not conclusively determine the existence of a share of the judgment debtor in the partnership. (Estate of Rathgeb, 125 Cal. 302 [57 P. 1010]; 15 Cal.Jur. 106; Freeman on Judgments, §§ 666-667.) ■ We hold that the appellants are parties aggrieved entitled to appeal under section 938 of the Code of Civil Procedure.

■ However, appellants' assignments of error are without merit. Appellants contend that the minute order of July 1, 1947, was a final disposition of the motion; that, as the minute

order did not direct that a written order be filed (Rules on Appeal, rule 2 (b)(2)) the court had no power to make such an order and it is void (*Pessara* v. *Pessara*, 80 Cal.App.2d 965, 968 [183 P.2d 279]) but that the minute order itself is also ineffective as to the appointment of a receiver, as the scope of the receivership is not. defined. It seems clear that the minute order of July 1, 1947, which did not appoint anyone to be a receiver, did not finally dispose of the motion, certainly not with respect to the appointment of a receiver. It could therefore not terminate the court's power to make any further orders in the matter. Even if it were held that the minute order was final as a charging order, section 2422 of the Civil Code expressly provides that the appointment of the receiver may take place at the time of the charging order *or later*.

Appellants further contend that the orders were erroneous as the evidence showed that the judgment debtor had no interest in the partnership. The evidence was conflicting. The certificate of limited partnership, sworn to by appellants, combined with the fact that it was not cancelled or amended and that the liquor licenses of the business were not transferred to reflect the alleged termination of the interest of C. E. Callaway in the partnership constitute substantial evidence that said C. E. Callaway was and still is a partner. Whether this evidence was overcome by the affidavits of appellants and their accountant and the alleged secret agreement, which was not acknowledged, and to which M. Lerner, the limited partner, was not a party, was in the sole discretion of the trial judge, the more so as summary proceedings for the appointment of a receiver are not subject to as strong requirements of proof and of formality of pleading as proceedings on the merits. (Compare *Pearce* v. *Elwell*, 116 N.C. 595 [21 S.E. 305] ; *Williams* v. *Southern Cotton Oil Co.*, 45 F. (2d) 387; *Jackson* v. *South Carolina Colored State Fair Ass'n*, 109 S.C. 283 [96 S.E. 116].)

Finally appellants contend that the appointing of a receiver is erroneous since respondents made no showing that the relief was necessary in order to preserve and protect the rights of the parties, or that the result could not be obtained by less stringent means as by the sale of the interest charged.

An appellant cannot attack a decision on grounds in which he has no interest, and which the party interested does not propound. (*Clapp* v. *Lorraine*, 92 Cal.App. 270, 276 [267 P. 911] ; *Von Gal-Scale* v. *Cottrell*, 2 Cal.App.2d 29, 31 [37

P.2d 715] ; *Capital National Bank* v. *Smith*, 62 Cal.App.2d 328, 336 [144 P.2d 665].) Whether sale or receivership of the judgment debtor's interest is more onerous is a matter which only regards the judgment debtor himself, who does not object. Appellants' argument in this respect must be disregarded. We therefore need not decide whether the appointment of a receiver of a partner-debtor's interest under section 2422 of the Civil Code requires the same showing of necessity as in other cases.

The orders are affirmed.

*Goodell, J.,* and *Dooling, J.,* concurred.