### A. S. JONES v. CHRISTIAN JONES.

(Filed 16 April, 1924.)

**1. Pleadings—Statutes—Presumptions.**

> Under the provisions of chapter 92, section 1, subsections 2 and 3, Public Laws, Extra Session of 1921, it will be presumed on appeal that the complaint in a civil action was filed on or before the return day of the summons, nothing else appearing, according to the time thereof therein specified.

**2. Same—Defendant's Bond to Retain Possession of Lands.**

When the complaint· in an action has not been served with the summons, the defendant has twenty days after its return date in which to answer or demur; and when the defendant is in possession of land, and the action is to recover the land, the defendant has also twenty days, under the circumstances, before pleading, in which to file the bond required, C. S., 495, conditioned upon his paying to plaintiff all costs and damages which the latter may recover, including damages for the loss of rents and profits. Chapter 93, section 1, subsections 2, 3, Public Laws, Extra Session 1921.

**3. Same—Receivers—Remedy at Law.**

In an action to recover real property or its possession, upon the approval of the defendant's bond by the clerk of the Superior Court for continued possession, C. S., 495, when the defendant has given it in compliance with the statute, the plaintiff has an adequate and sufficient remedy at law upon the bond of the principal and surety so given and approved, and the equitable right to the appointment of a receiver, C. S., 860, sec. 1, is not available to the· plaintiff, it appearing that a money demand will sufficiently compensate him.

**4. Same—Appeal and Error.**

*Held*, upon the record in this appeal, involving only the plaintiff's right to the appointment of a receiver for the defendant, the question of the sufficiency of the allegations of the complaint to state facts sufficient to constitute a cause of action to set aside defendant's deed to the lands in controversy does not arise.

THIS was an application for the appointment of a receiver, heard before *Lane, J.*, at chambers, FORSYTH. Appeal by defendant.

*John C. Wallace· and Graves, Brock & Graves for plaintiff.*
*Parrish & Deal for defendant.*

CLARKSON, J. The record shows that summons was duly issued out of the Superior Court of Forsyth County on 30 July, 1923, by plaintiff against defendant, returnable 14 August, 1923, and the summons was duly served on the defendant. It is presumed the complaint was filed in the clerk's office on or before the return day of the summons, 14 August.

The defendant had 20 days in which to answer or demur after the return day, 14 August.

Public Laws, Extra Session 1921, ch. 92, sec. 1, subsecs. 2 and 3, are as follows:

"Subsection 2. The complaint shall be filed on or before the return day of the summons: *Provided,* for good cause shown the clerk may extend the time to a day certain.

"Subsection 3. The answer or demurrer shall be filed within twenty days after the return day, or after service of the complaint upon each

of the defendants, or within twenty days after the final determination of a motion to remove as a matter of right. If the time is extended for filing complaint, then the defendant shall have twenty days after the final day fixed for such extension in which to file the answer or demurrer, or after service of the complaint upon each of the defendants (in which latter case the clerk shall not extend the time for filing answer beyond twenty days after such service) : *Provided,* in cases where the complaint is not served, for good cause shown, the clerk may extend the time to a day certain."

The complaint seems to be in the nature of an action to recover real property and the rents and profits and to set aside a deed.

C. S., 495, is as follows: "In all actions for the recovery or possession of real property the defendant, before he is permitted to plead, must execute and file in the office of the clerk of the Superior Court of the county where the suit is pending an undertaking with sufficient surety, in an amount fixed by the court, not less than two hundred dollars; to be void on condition that the defendant pays to the plaintiff all costs and damages which the latter recovers in the action, including damages for the loss of rents and profits."

Before the time to plead expired, defendant, on 22 August, 1923, filed a bond in due form, in the sum of $750, with A. B. Brewer as surety, for costs, damages and rents and profits, in accordance with the above statute. The bond was a justified one and approved by the clerk of the Superior Court of Forsyth County. The defendant had 20 days after 14 August—return day of summons—before he pleaded, in which to file the bond, which was done and within the time. Defendant pleaded by filing a demurrer to the complaint on the ground "that the plaintiff has declared on inconsistent causes of action." The complaint was amended, or modified, and answer filed by defendant. The bond before the clerk was filed without any order of court. Plaintiff applied before the judge of the court below for a receiver, which was granted, and from the judgment appointing a receiver, defendant appealed.

We think from the nature of the action, as we construe the allegations in the complaint, that the defendant pursued the legal course by filing the bond under C. S., 495. (See *Battle v. Mercer, ante,* 447.) We infer that the action is to recover real property, the rents and profits, and set aside a deed. Whether this can be done under the allegations in the complaint and the terms of the deed we do not now pass upon. The matter passed on here only relates to the receivership, but, as to the language in the deed asked to be set aside, we call attention to *Fleming v. Motz, post,* 593.

It was not necessary for defendant to get an order of court or authority from the court to file the bond from the view we take of the case. The statute makes provision and it is a matter of right. If the bond given for costs, damages, rents and profits, under C. S., 495, *supra,* which was approved by the clerk, is not sufficient, upon proper proofs, the case being now in the Superior Court, at term, for trial upon the issue, the court below would have discretion to increase the bond. The defendant as a matter of right filed the bond under section 495, and did so in due time. The statute was passed to protect the rights of plaintiff by requiring defendant to give bond in cases of this nature, as we construe the complaint.

C. S., 860, sec. 1, is as follows: "Before judgment, on the application of either party, when he establishes apparent right to property which is the subject of the action and in the possession of an adverse party, and the property or its rents and profits are in danger of being lost or materially injured or impaired, except in cases where judgment upon failure to answer may be had on application to the court," etc., a receiver may be appointed.

The language of the statute is "When he establishes apparent right to property," etc.

There is no allegation that the defendant is insolvent. It is alleged that "plaintiff will suffer irreparable injury," but the facts all show that any injury that may be suffered can be measured by compensation in money.

The appointment of a receiver is equitable in its nature and based on the idea that there is no adequate remedy at law, and is intended to prevent injury to the thing in controversy; the power is inherent in courts possessed of equitable jurisdiction. The right must be clearly shown, and there is no other remedy that is safe or expedient.

High on Receivers (3 ed.), sec. 8, says, in part: "The appointment of a receiver *pendente lite,* like the granting of an interlocutory injunction, is to a considerable extent a matter resting in the discretion of the court to which the application is made, to be governed by a consideration of the entire circumstances of the case. And where the court is unable to see any benefit will result from appointing a receiver in the cause, or that any injury will follow from refusing the relief, it will not interfere, especially if it is apparent that great confusion and difficulty in the management of the property may result to both parties from a receivership. So if, upon a consideration of all the circumstances of the case, it is apparent that greater injury will ensue from appointing a receiver than from leaving the property in its present possession, or if other considerations of propriety or of convenience render the appointment improper or inexpedient, the court will refuse

to interfere." *Hanna v. Hanna,* 89 N. C., 68; *Thompson v. Pope,* 183 N. C., 124; *Tobacco Assn. v. Bland, ante,* 361.

On the uncontroverted facts of the entire record we think, under the facts and circumstances of this case, that as the statute allows bond to be given in a case of this nature, as we now construe the allegations of the complaint, and the bond having been given, that the appointment of a receiver is unnecessary, as the bond protects the rights of plaintiff until the matter is adjudicated. The entire record shows an unfortunate family difference. We think the ends of justice will be met by dissolving the receivership appointed in the cause, which, under the circumstances, would naturally entail expense to litigants, both living in the same home and carrying on farming operations. The bond filed on 22 August, 1923, by defendant, with A. B. Brewer as surety, for costs, damages and loss of rents and profits, shall be and continue operative and binding on the defendant and his surety, according to its tenor.

For the reasons given, the judgment below is

Modified and affirmed.