ELLINGTON & GUY, INC., v. D. W. CURRIE, A. M. CURRIE, AND L. N. WHITTED, PARTNERS, TRADING AS CURRIE-WHITTED LUMBER COMPANY.

(Filed 27 April, 1927.)

**1. Receivers—Equity—Partnership—Statutes—Remedy at Law — Claim and Delivery—Insolvency.**

Where a partnership assumes to carry out the terms of a written contract to convert logs delivered by the plaintiff at its mills into lumber to be sold exclusively by the plaintiff, the manufactured product to belong to plaintiff, with an agreement for an accounting at stated periods and to arbitrate in the event of disagreement as to the settlements thus to be made: *Held*, the plaintiff has a remedy at law by claim and delivery, C. S., 830, against the defendants, pending litigation without the application of equitable principles, and, his application for the appointment of a receiver under the provisions of our statutes should be denied, and especially so when from the facts found it does not distinctly appear on appeal that the defendants were insolvent, though this fact has been found adversely to the appealing defendant. C. S., 860.

**2. Same—Contracts—Constructive Possession—Principal and Agent.**

Where a receivership is sought for a partnership under a contract providing in substance that the defendants have the subject-matter to be delivered exclusively upon the plaintiff's order after manufacturing the same for him, which was delivered by the plaintiff, and the defendants were to manufacture upon a commission basis: *Held*, the defendants hold the constructive possession of the manufactured product on their lands as the plaintiff's agents. C. S., 1208.

**3. Same—Contracts—Arbitration—Equity.**

Where the ground for the appointment of a receiver in an action against a partnership is the failure of the defendant to account for the payment of commissions alleged to be due the plaintiff, a stipulation in the contract that such disagreement must be referred to arbitration, while not enforceable at law, may be considered by the court with other evidence in passing upon the question as to whether the injunction should be issued.

APPEAL by defendants from *Midyette, J.,* in Chambers, Fayetteville, N. C., 11 December, 1926. From CUMBERLAND. Error.

The material facts will be set forth in the opinion.

*Rose & Lyon for plaintiff.*
*Dye & Clark for defendants.*

CLARKSON, J. This is an action brought by plaintiff against the defendants for the appointment of receivers and an accounting. Ellington & Guy, Inc., and L. N. Whitted, on 15 June, 1926, entered into a

certain contract. On 11 February, 1926, the defendants, partners trading and doing business as the Currie-Whitted Lumber Company, "assume and agree to carry out the contract." The contract, in substance: The defendant, L. N. Whitted, owned a planing mill and in connection a, lumber yard. The plaintiff agreed to buy and pay for certain lumber to be placed on the yard, to enable him to carry lumber and supply his mill, settlement to be made weekly. Whitted was to assort and pile lumber on yard in good business-like way, to kiln-dry certain boards and to receive $2.50 per 1,000 for kiln-drying and also for yarding, dressing and loading. The plaintiff was also to pay monthly for lumber dressed and kiln-dried during the month. Plaintiff was to handle the lumber as *sales agent* to be paid (1) a flat seven per cent commission, (2) in addition six per cent interest on cash advances for lumber on a basis of monthly balances. The lumber piled on the yard "is the property of Ellington & Guy, Inc." Plaintiff in no way liable for mill operation, "but simply to pay the said Whitted the contract price as agreed for the yarding, dressing and drying of said lumber." No local sales to be made without submission, approval and payment to plaintiff. Contract subject to cancellation by either party by giving 30 days notice, and the "lumber on hand purchased under this contract is to be liquidated according to the terms of contract." The net profits and losses to be divided. "It is also agreed that in case of any dispute arising in any way connected with this said contract in the carrying out of same, that if the parties cannot agree, then they are to settle same by arbitration, each selecting the arbitrator, and they selecting the third, if necessary, and the parties hereto agree to abide by same." The two acknowledgments of 10 September, 1926, signed by all the defendants, admit that the lumber at certain yards is the property of plaintiff.

On 11 September, 1926, an agreement was entered into between the parties, D. W. Currie not signing, in regard to a dispute about the shortage of the lumber. The signing defendants admit a certain amount of shortage and agree to make good, an account and inventory to be taken, and the account adjusted between them on certain basis and each party to have access to the books and records of the lumber bought and sold under the existing contract. Letter from defendants to plaintiff, 11 October, 1926, complaining of not furnishing them with complete statement of account according to promise and stating that they had furnished statement each week. Further that orders were not sent in to keep plant running according to promise. The present suit was instituted 19 October, 1926.

We are dealing with a partnership. Art. 37, "Receivers," C. S., 860, says: "A receiver may be appointed (1) before judgment, on the appli-

cation of either party, when he establishes an apparent right to property which is the subject of the action and in the possession of an adverse party, and the property, or its rents and profits are in danger of being lost, or materially injured or impaired, except in cases where judgment upon failure to answer may be had on application to the court." \

In the present action temporary receivers were appointed for all the property of the defendants on 19 October, 1926, and 29 October, 1926, set to show cause why the receivership should not be made permanent.

On 6 November the court made the following order: "The court ruled that the receivership be lifted as to all of the property and effects of the defendant, save only the above 452,000 feet of lumber on the yard of the defendant, purchased for the plaintiff under the contract referred to in the pleadings, that said lumber remain in the custody of the receivers heretofore appointed, and that all other property, books, records and effects of the defendant be returned to it by the receivers," etc.

The defendants contended that D. W. Currie was not insolvent and the other parties had theretofore met their obligations; that the Currie-Whitted Lumber Company was an active going concern, managing to take care of its maturing obligations at the time receivers were appointed; that pending a discussion of the difference with an engagement to meet the next morning, over night, the plaintiff had receivers appointed, without notice, and the following morning took charge of the entire property of the defendants; that this was done in direct violation of the terms of the contract, (1) that the lumber on hand purchased under the contract was to be liquidated in accordance with its terms; (2) that if there was any dispute same was to be settled by arbitration, which the parties agreed to abide by; that by the hasty and unwarranted appointment of receivers the plaintiff has wrecked their business and the credit of defendants is ruined, and no doubt many employees caused to be thrown out of work.

In 23 R. C. L., part sec. 3, p. 9, it is said: "The appointment of a receiver is part of the jurisdiction of equity, and is based on the inadequacy of the remedy at law, being intended to prevent injury to the thing in controversy, and to preserve it, *pendente lite,* for the security of all parties in interest, to be finally disposed of as the court may direct. It is held to be a proceeding *quasi in rem.* . . . The right to the relief must be clearly shown, and also the fact that there is no other safe or expedient remedy." *Twitty v. Logan,* 80 N. C., p. 69; *Hanna v. Hanna,* 89 N. C., p. 68; *Thompson v. Pope,* 183 N. C., p. 123. The case of *Kelly v. McLamb,* 182 N. C., at p. 158, and cases cited therein are not like the facts here.

Under the terms of the contract the lumber was the property of the plaintiff. Defendants could not even sell any of it without plaintiff's approval and the purchase price was then to be paid plaintiff. Plaintiff had a remedy at law, if the contract was breached by defendants, of claim and delivery. C. S., 830 et seq. If demand had been made for the property it might have been turned over without this ancillary or provisional remedy. The property in the present action, under C. S., 860(1), supra: A receiver can be appointed when a party "establishes an apparent right to property," the subject of the action and in the possession of the adverse party, when it or its rents or profits are in danger of being lost or materially injured or impaired. Possession can be either actual or constructive. In the present case the lumber was at least in the constructive possession of plaintiff. S. v. Meyers, 190 N. C., 239; S. v. Pierce, 192 N. C., p. 766. See Staton v. Mullis, 92 N. C., at p. 632, and cases cited. As to the shortage, if there was any, plaintiff had an action at law for the debt. Plaintiff cites C. S., 1208. This applies "when a corporation becomes insolvent," etc. The defendants are partners, but under C. S., 860 (4), is the following: "This article, Receivers, in the chapter entitled Corporations, is applicable, as near as may be, to receivers appointed hereunder." This is true, but it is not clearly shown that D. W. Currie was "insolvent," or "is in imminent danger of insolvency." C. S., 1208, supra. Few business men in their career at some time or another, if hastily called, could meet their obligations notwithstanding they were solvent.

The contract between the parties calls for arbitration of any dispute and a solemn declaration to abide by same. It was further agreed that either party could, on 30 days notice, terminate the contract and liquidate, in accordance with its terms. It has generally been held that an agreement in an executory contract to submit dispute which arises thereunder to an arbitration, the effect of which is to "oust the courts of their jurisdiction," is against public policy; yet in a court of equity, seeking to do justice, in an application for a receiver, a provisional remedy, the breaching of this solemn agreement will be considered as a strong circumstance, with the other evidence, as to the right of the party who breached the agreement to have a receiver appointed. See Jones v. R. R., ante, 590. On the record we do not think it is clearly and affirmatively shown that D. W. Currie was insolvent or is in imminent danger of insolvency. The order of the court below, signed 11 December, 1926, says that defendants "is and was at the time of the service of process herein in imminent danger of insolvency." On the entire record we cannot so hold. Plaintiff had at least constructive possession of the property, and an adequate remedy at law of claim and delivery if on demand the property was refused to be turned over to the

plaintiff. A remedy at law for shortage, if any. The careful judge in the court below turned back the property other than the lumber. Under C. S., 861, a bond could have been given, perhaps by defendants, if notice and opportunity had been presented. *Hurwitz v. Sand Co.,* 189 N. C., p. 1.

Under all the facts and circumstances of this case we think that receivers should not have been appointed. In the judgment of the court below there was

Error.