## In re PENNY.

District Court, M. D. North Carolina, Greensboro Division.

April 10, 1935.

A. W. Sapp, of Greensboro, N. C., for trustee.

R. R. King, Sr., of Greensboro, N. C., for receivers.

HAYES, District Judge.

This cause coming on review from Hon. Kenneth Brim, upon the exceptions filed, and the matter having been argued by counsel and after due consideration, the court finds the following facts:

1. All facts set forth in the stipulation and the schedules and claims proved before the referee in bankruptcy.

2. Upon the foregoing facts the court also finds that the receiver is holding the property of George Trade Penny as his agent and not for the purpose of enforcing any lien on said property.

### Conclusions of Law.

The court is of the opinion, and so holds, that the title to the property of George Trade Penny in the hands of the receiver is not adverse, and that said receiver is subject to the summary orders of this court, and it is their duty to turn the property over to the trustee in bankruptcy, upon the order of the referee in bankruptcy, and the referee will proceed accordingly. But nothing herein contained shall be construed to disturb any valid lien which may exist against the property under the law of the state of North Carolina not inconsistent with the bankruptcy law.

The petition for review involves the power of the bankruptcy court to order state court receivers to turn over assets of the bankrupt to the trustee in bankruptcy.

The petition in bankruptcy was voluntary and filed on October 24, 1933, thereafter the creditors elected a trustee and he made a request upon the state court for an order directing the receiver to turn over the bankrupt's assets. The state court did not pass upon the merits, but dismissed the petition on the ground that it was a matter for the determination of the bankruptcy court. It is necessary to determine the nature of the proceeding in the state court in order to ascertain the power of the bankruptcy court to take possession of the property held by the receiver.

A. S. Kratz Company, Inc., on its own behalf and on behalf of all other creditors and parties interested, who may come in and make themselves a party to the action, issued a summons and filed an unverified complaint January 17, 1933, against George Trade Penny in the superior court of Guilford county, in which the plaintiff alleged that the defendant owed the plaintiff $457.09 for merchandise sold and delivered; that the defendant is heavily indebted to various other persons in the sum of $150,000, distributed among a large number of creditors now demanding payment; that the assets of the defendant consist of real estate and personal property in the sum of $750,000; that, due to the present financial conditions, the defendant is now unable to pay off and discharge his indebtedness now due his various creditors; that nearly all of the real estate is encumbered with mortgages and deeds of trust, many of which are overdue; that taxes are overdue and unpaid; that defendant has no available funds to meet said obligations; that several of the holders of liens on real estate are undertaking to foreclose and others are threatening to foreclose; that Penny is in eminent danger of insolvency, and, unless his assets are protected, great and irreparable loss will be sustained by the plaintiff and all other unsecured creditors of said defendant; and that the appointment of a permanent receiver with ample authority to take over the assets, conserve the same, collect rents, and generally manage the business, subject

to the supervision of the court, would best protect the interest of all creditors.

The prayer for relief asked for the appointment of a permanent receiver for the estate; that he be authorized to preserve and protect the properties of the defendant and to hold the same under the orders of the court, and for such other and further relief as may seem meet and proper.

On the same day the defendant filed an answer admitting the allegations of the complaint and "further, he especially admits that a failure of this court to take control of his assets through a permanent receiver, and administer the same, would not only result in a great and irreparable loss to the plaintiff, and defendant's other creditors, but also to himself."

An order was entered on the same day appointing permanent receivers, who were designated as operating receivers, who were authorized to take into their possession and control all of the assets of the defendant, "with all the duties, powers and obligations given by law to such receivers." The order enjoins all persons from interfering with the property or assets of the defendant, or with the receivers in the exercise of their duties; from suing the receivers; from selling under foreclosure without permission first obtained from the court; they were authorized to operate the business and to pay taxes and within five months file with the court an itemized and detailed list of the properties owned by the defendant, together with the amount of encumbrance on each, and a list, so far as they were able to ascertain it, of all debts and obligations of the defendant.

No judgment was rendered for the plaintiff's claim nor has one been rendered since, nor does he pray for judgment in his complaint.

A receiver is appointed on the same day the action is started and the attorney for the plaintiff and the attorney for the defendant are appointed attorneys for the receiver. By consent of the plaintiff and the defendant the hands of the defendant's creditors are tied by an injunction, but no equity is alleged nor is any relief sought except the appointment of a receiver and an injunction against creditors to prevent them from enforcing their rights in law or equity. I have searched in vain for a parallel case from North Carolina or any court of last resort.

The receivership does not fall under any well-recognized practice. The plaintiff shows no interest in the property of the defendant. There is no allegation that he has fraudulently disposed of any of his property or that he is attempting to do so. There is no allegation of insolvency. It is alleged that his assets are five times the amount of his liabilities.

The state court had no jurisdiction to appoint a receiver under North Carolina C. S., § 860.

■ In order to appoint a receiver before judgment under section 860, it must appear that claimant has an apparent right to property which is the subject of the action and the property or the rents are in danger of being lost, Witz v. Gray, 116 N. C. 48, 20 S. E. 1019; Pearce v. Elwell, 116 N. C. 595, 21 S. E. 305; and it is generally necessary to show that the party in possession is insolvent, Ellington & Guy v. Currie, 193 N. C. 610, 137 S. E. 869.

■ If the state court acquired jurisdiction at all, it would be under general usages in equity. The distinction between actions at law and suits in equity is abolished by our Code of Civil Procedure. Dawson Bank v. Harris, 84 N. C. 206. A receivership is an equitable remedy to be applied upon equitable principles upon the theory that the ordinary legal remedy is inadequate. Jones v. Jones, 187 N. C. 589, 122 S. E. 370. The power to appoint a receiver is inherent in a court of equity. The change to the Code did not abridge, but enlarged, it. Hurwitz v. Carolina Sand & Gravel Co., 189 N. C. 1, 126 S. E. 171; John L. Roper Lumber Co. v. Wallace, 93 N. C. 22; Skinner v. Maxwell, 66 N. C. 45. Federal court of equity will not entertain a bill if there is an adequate remedy at law. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 497, 43 S. Ct. 454, 67 L. Ed. 763; Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 85, 43 S. Ct. 480, 67 L. Ed. 871; First National Bank of Cincinnati v. Flershem, 290 U. S. 504, 54 S. Ct. 298, 78 L. Ed. 465, 90 A. L. R. 391.

■ It is a settled rule that a receiver will not be appointed where there is a full and adequate remedy at law. Tardy's Smith on Receivers (2d Ed.) § 8; High on Receivers (4th Ed.) 399; 14 A. C. J. 947. Simple contract creditor may obtain, in proper cases, equitable relief where answer admits indebtedness and consents to appointment of receiver, waiving the defense of adequate remedy at law. Newberry v. Davison Chemical Co., 65 F.(2d)

724 (C. C. A. 4); Harkin v. Brundage, 276 U. S. 36, 51, 48 S. Ct. 268, 72 L. Ed. 457.

The instant case is easily distinguishable from Hancock v. Wooten, 107 N. C. 9, 12 S. E. 199, 11 L. R. A. 466, which was an action to recover a debt and to set aside a fraudulent conveyance, and in which the distinction is made between a general creditor's bill and that case, and holding that the plaintiffs therein are entitled to a preference. Specific property not available to execution is sought to be recovered and applied on the debts of the plaintiffs, and, when the court obtains possession of the property in such suits, it retains it for the satisfaction of those claims. Preferences are given in such suits in the nature of a reward for vigilance. To this general effect are such cases as Hancock v. Wooten, supra, and Smith v. Summerfield, 108 N. C. 284, 12 S. E. 997; LeDuc v. Brandt, 110 N. C. 289, 14 S. E. 778; Fisher v. Bank, 132 N. C. 769, 44 S. E. 601; Shober v. Wheeler, 144 N. C. 403, 57 S. E. 152; Davis v. Virginia R. & Power Co. (C. C. A. 4th) 229 F. 633, 642; First National Bank v. Flershem, 290 U. S. 504, 54 S. Ct. 298, 78 L. Ed. 465, 90 A. L. R. 391.

■ Dillard v. Walker, 204 N. C. 67, 167 S. E. 632, apparently holds that a receiver may be appointed for an individual where insolvency is not shown, provided the debtor consents and no creditor objects and the receivership is for the benefit of all creditors whose rights are protected in accordance with their priorities, although no authority is cited to sustain such a statement. But the very nature of that case was to wind up the estate for creditors. If the instant case is cognizable in the courts of this state, it is as a general winding up proceeding, although it is woefully lacking in the essentials for that purpose. Since no provision is made to advertise for creditors and five months is allowed for a report, when considered in connection with the other allegations, the only inference to be drawn is that the debtor and one small creditor agree to have a receiver appointed and to restrain all other creditors from doing anything. A receivership under such circumstances is an agency for the defendant, and the title of such a receiver to the assets of the bankrupt is merely colorable.

"When a court undertakes to reach out and appoint a receiver over property which was not the subject matter of the controversy, it has no colorable jurisdiction to do so, and an order so made has been declared to be utterly void and null. Such void or null orders can be attached collaterally because if the property is not involved in the litigation or properly brought into the litigation the court has no jurisdiction of the property." 1 Clark on Receivers, § 306. Jurisdiction is not conferred by consent. 1 Clark on Receivers, § 75; Hoiles v. Watkins, 117 Ohio St. 165, 157 N. E. 557, 61 A. L. R. 1203, 1207; Maxwell v. McDaniels (C. C. A. 4) 184 F. 311.

In Davis v. Hayden (C. C. A. 4) 238 F. 734, a case of an individual debtor, and in which the facts are almost identical to the facts in the instant case, our Circuit Court held that there exists no equity jurisdiction to appoint a receiver in such cases.

If, however, the appointment is not void, and therefore not subject to collateral attack, Zechiel v. Firemen's Fund Ins. Co. (C. C. A. 7) 61 F.(2d) 27, the receiver is nevertheless the agent of the bankrupt, because it is apparent that the property was collusively placed in his possession, 23 R. C. L. 8. Especially is this true where no relief is sought except a receivership. 23 R. C. L. 11.

Neely v. McGehee (C. C. A. 5) 2 F.(2d) 853, is distinguishable, for that the assets of a nonresident corporation were taken in possession of a receiver to satisfy the creditors in Mississippi.

Clements v. Conyers (C. C. A. 7) 32 F.(2d) 5, is a case where receivership had been pending two years before bankruptcy. The bankrupt was an Illinois corporation, and its property in Indiana was placed in the hands of a receiver because plaintiff and others who intervened asserted liens against the property. It was seized by the state court to satisfy these liens; consequently the bankruptcy court had no jurisdiction. Frazier v. Southern Loan & Trust Co. (C. C. A. 4) 99 F. 707 (cited with approval in Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128), involved a receivership existing several years before bankruptcy, and arose in a judgment creditor's suit to set aside a fraudulent conveyance and subject the property to the payment of the claims. The state court acquired prior jurisdiction over the property and its jurisdiction, and control could not be ousted by the bankruptcy court. The facts in Pickens v. Roy, supra, are identical.

In Carling v. Seymour Lumber Co. (C. C. A. 5) 113 F. 483, the state receiver appointed in a mortgage foreclosure was permitted to retain the mortgaged property but required to turn over to the trustee in bankruptcy property not covered by the mortgage. Remington, 2049.

The receivers here rely on decisions favorable to jurisdiction of state court in cases of receivership pending foreclosure of mortgages or enforcement of judgment liens, but the facts do not bring the case under those decisions. Rutlege v. Bristol (C. C. A.) 65 F.(2d) 986.

In our case no lien was sought by the original plaintiff, and those who have intervened have done so to be relieved of the general injunction, and for leave to proceed under their remedies at law and not by means of the receivers. Their title to the property is not impressed with any liens in behalf of any creditors, and it is still the bankrupt estate available for the creditors. Their title is not adverse to the trustee, and they are subject to summary jurisdiction of the bankruptcy court. Bryan v. Bernheimer, 181 U. S. 188, 21 S. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405; In re Diamond's Estate (C. C. A. 6) 259 F. 70; In re Knox Consolidated Coal Co. (D. C.) 50 F.(2d) 248; Bank of Andrews v. Gudger (C. C. A. 4) 212 F. 49; Remington, § 2115. See, also, Straton v. New, 283 U. S. 318, 327, 51 S. Ct. 465, 75 L. Ed. 1060; Gross v. Irving Trust Co., 289 U. S. 342, 344, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215.

The facts stipulated do not disclose that the receivers were directed to, or did, advertise for creditors to file their claims; nor that any claims have been filed with them, except such as had liens and sought the dissolution of the injunction as to them. On the other hand, the schedule in bankruptcy lists unsecured debts of $542,062.65 (of which $448,195.79 is accommodation paper) and $539,871.56 secured claims, and claims secured and unsecured, have been filed in bankruptcy. In the meantime, the bankrupt has been discharged. For what purpose would the state receivers hold the property? Not to pay the plaintiff creditor in full, for he seeks no preference nor does he allege any facts entitling him to one. If they are holding it to abide the further orders of the state court, what orders can it enter, and when will they be entered? It cannot order the plaintiff paid his pro rata part out of debtor's assets, for it does not have before it all the creditors, nor has it made any provision to have them before it. Yet the receivers, by retaining the property of the bankrupt, interfere with the administration in bankruptcy. Both courts cannot administer the estate. Since the estate must be distributed among the creditors under the principles of general insolvency, the bankruptcy court is, under all the circumstances, the proper court to administer it, for any and all liens which legally attach to the property will be duly observed and enforced in this court, and any orders duly made in the state court, under the rules of comity, will receive due consideration in this court.